**John C. CAMERON and Arthur Heinemann, Executors of the Estate of Mary C. Culkin, Deceased, Appellees,**

v.

**Leonard J. MONTGOMERY, Appellant.**

No. 2–56452.

Supreme Court of Iowa.

Jan. 22, 1975.

Walker, Concannon & Anderson, Keokuk, for appellant.

James P. Hoffman, Keokuk, and J. William Holliday, Kahoka, Mo., for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and REYNOLDSON, JJ.

UHLENHOPP, Justice.

The present appeal turns, principally, on the question of whether this negligence action for legal malpractice is barred by the statute of limitations.

John C. Cameron and Arthur Heinemann, executors of a decedent's estate, retained Attorney Leonard J. Montgomery to perform legal services in the administration of the estate, including preparation and filing

of the federal estate tax return which was due November 16, 1969. Mr. Montgomery procrastinated in the preparation of that return. Prior to the due date, at least one of the executors urged him to prepare the return. His response was to assure the executors that the Internal Revenue Service would do nothing about late filing. He did not file the return until March 18, 1970.

As a result, the executors could not use the alternate valuation date, and the Internal Revenue Service assessed additional tax plus interest and penalty totaling $28,667.39. On January 24, 1972, the executors paid that amount. They did not realize that Mr. Montgomery's assurances about late filing were untrue until the Internal Revenue Service raised objection and took action to assess the additional sum.

On July 6, 1972, more than two years from the time Mr. Montgomery filed the return but less than two years from the time the executors discovered that his assurances were untrue, the executors brought this action against Mr. Montgomery to recover $28,667.39, together with interest and costs.

At trial of the action, Mr. Montgomery asserted two main defenses: (1) he was not negligent in filing the return late because complications arose in the administration of the estate, and (2) the executors did not commence this action within the applicable period of limitation. The trial court ruled that Mr. Montgomery was negligent. It also ruled that the two-year rather than the five-year statute of limitations applied, but that the executors sued within two years from the time their cause of action accrued. The court therefore awarded the executors judgment as prayed. Mr. Montgomery appealed.

In his appeal, Mr. Montgomery urges the two contentions he asserted in the trial court.

I. *Excuse for Late Filing.* The first question in the appeal is largely factual. The decedent whose estate was involved died in Chicago, Illinois. Early in the administration of the estate, Mr. Montgomery encountered some problems about the place of her residence. He resolved those problems. A Chicago broker had custody of the decedent's stocks and bonds, and this also posed complications for the attorney.

Nevertheless, the matter pended in Mr. Montgomgery's office for a considerable time, with at least one of the executors requesting Mr. Montgomery to prepare the return. We are satisfied that the evidence presents a fact question as to whether Mr. Montgomery, in the exercise of reasonable diligence, had sufficient time to prepare and file the return within the statutory 15-month period. The trial court considered this question and found that Mr. Montgomery did have sufficient time.

■ This is a law action for damages and we do not review it de novo. The fact findings stand if supported by substantial evidence. In ruling on the sufficiency of the evidence, we view the evidence in the light most favorable to the fact findings. Farmers Ins. Group v. Merryweather, 214 N.W.2d 184 (Iowa). Upon so viewing the evidence in this case, we hold it supports the trial court's finding that Mr. Montgomery had adequate time to prepare and file the return by the due date and that he was negligent.

II. *Statute of Limitations.* The parties devote much argument to the question of when the executors' cause of action accrued. The accrual question would be crucial if the two-year provision of the limitations statute applies, but not if the five-year provision governs. See Code 1973, § 614.1(4) ("all other actions not otherwise provided for"); Barrett v. Burt, 250 F.Supp. 904 (S.D. Iowa).

■ We do not decide the case on the basis of the applicable limitation clause, however, for assuming arguendo that the limitation period is two years, the action is not barred. The discovery doctrine applies. Chrischilles v. Griswold, 260 Iowa 453, 150 N.W.2d 94; Baines v. Blenderman, 223

N.W.2d 199 (Iowa); Kohler v. Woollen, Brown & Hawkins, 15 Ill.App.3d 455, 304 N.E.2d 677. Mr. Montgomery caused the executors to think the Internal Revenue Service would accept a late return. The executors discovered to their sorrow he was wrong when the Service objected and assessed an additional amount. They could have changed attorneys in time to get the return timely filed had they known the assurances were not true. They did change attorneys upon gaining such knowledge but by then the proper time for filing had passed. We hold that the present action is not barred by limitations.

We thus sustain the judgment of the trial court.

Affirmed.