J.L. BROWN and Phyllis I. Brown, Appellants,

v.

Martha ELLISON, aka Martha M. Ellison, Fiduciary of the Estate of Donald Ellison, aka Donald M. Ellison, Appellee.

No. 64897.

Supreme Court of Iowa.

April 15, 1981.

Richard L. Stevens and Richard J. Donovan, Davenport, for appellants.

Michael J. McCarthy, Davenport, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, ALLBEE and SCHULTZ, JJ.

SCHULTZ, Justice.

J.L. and Phyllis I. Brown, claimants in a probate claim, appeal from the trial court's

dismissal of their claim at the conclusion of their evidence. Although the Browns had plead that they discovered their cause of action within the period of the statute of limitations, the trial court found that, based on the Browns' own evidence, the action was barred. We hold that the Browns presented substantial evidence that they discovered their cause of action within the period of limitations, and that the trial court erred by not viewing the evidence in a light most favorable to the Browns, the nonmoving party. We therefore reverse.

In 1971 the decedent, Donald Ellison, drilled a well for the Browns. The Browns, who resided in California at the time, had purchased land in Blue Grass, Iowa, for the purpose of development. They had instructed their agent to obtain a central water system to supply their lots. The agent retained Donald Ellison to dig the well.

The Browns filed a claim in probate in July 1978 against Martha Ellison, as the fiduciary of the estate of Donald Ellison. They requested: (1) damages resulting from the breach of an oral contract with the decedent for construction of a properly drilled and cased well with sufficient capacity to produce a continuous water supply for up to eight families and (2) damages resulting from the breach of warranties implied in law in connection with said well. The Browns claim that the defects in the well were not discovered, and were not discoverable, until problems arose with the well in approximately May 1976, at which time they learned that the well was not cased properly or located in an adequate water bearing rock and thus could not produce a continuous water supply sufficient to serve eight families, as required by the oral contract. The defendant, Martha Ellison (hereinafter Ellison), plead the affirmative defense of statute of limitations, alleging that the claim on the oral contract was barred by section 614.1(4), The Code 1979.

The claim came to trial on November 29, 1979, and Ellison moved to dismiss at the close of the Browns' evidence. The motion to dismiss was based on two general grounds. First, Ellison claimed that the cause of action for breach of contract accrued not later than September or October of 1971, or if the action did not accrue until the breach of contract was discovered, the Browns were put on inquiry notice and should have discovered, or did discover, the breach not later than May 1973. Thus, in either event, Ellison contended, the claim was barred by the statute of limitations. Secondly, Ellison asserted that there was no competent evidence of any express or implied agreement to construct a well which would produce a continuous water supply sufficient to serve up to eight families in the subdivision.

After ascertaining that the trial could be completed in no more than one-half day, the trial court announced that Ellison would not be allowed to present her case until the court had ruled on the motion to dismiss. Approximately three and one-half months later, on March 13, 1980, an "ORDER, JUDGMENT AND DECREE" was filed, which provided:

This was a suit on an oral contract and implied warranty concerning the building of a well. Plaintiffs filed claim in probate on July 12, 1978.

The matter went to trial to the Court and at the close of the plaintiffs' case the defendant made motion to dismiss asserting that the claim is barred by the statute of limitations, the statute being Section 614.1(4), Iowa Code. Plaintiff discovered the alleged defect in the water system not later than May 1973. I find that the action on plaintiff's own evidence is barred by the said limitations statute and that defendant's motion to dismiss should be granted.

The Browns appeal from this order.

The issues presented by the parties in their respective briefs are not complicated. The Browns claim the trial court erred in sustaining Ellison's motion to dismiss. They contend that their claim is not barred by the statute of limitations because the injury giving rise to their cause of action was discovered within the five-year period preceding the filing of their claim. Ellison

counters by stating that the trial court's finding of facts is supported by substantial evidence. Neither party has placed in issue the applicability of the discovery rule to a cause of action based upon an express or implied warranty arising in contract. Nor has the sufficiency of the Browns' evidence of an oral contract containing either an express or implied warranty been raised.

■ Ellison's failure to raise the issue concerning the sufficiency of the Brown's evidence of an oral contract may have been occasioned by the trial court's failure to rule on that ground of the motion to dismiss, contrary to the requirement of Iowa R. Civ.P. 118 that separate rulings are to be made on each separate ground of a motion. The object of rule 118 is to save time and expense and narrow the issues on appeal. *Ruby v. Easton*, 207 N.W.2d 10, 14–15 (Iowa 1973). It can be grounds for reversal. *Id.*

■ Points raised on a motion to dismiss, but not argued or stated on appeal, may be considered waived or abandoned. *State v. Otterholt*, 234 Iowa 1286, 1293, 15 N.W.2d 529, 533 (1944). We do not feel that we should plod through the record searching for evidence to either substantiate or impugn the insufficiency of the evidence ground of the motion to dismiss when the issue has not been presented in the briefs, arguments, or appendix. Not only is that task time consuming, but the possibility of miscomprehension is greater than if we are guided by the attorneys for parties, who are much more familiar with the evidence. We therefore decline to further discuss this issue.

■ The discovery rule, when applicable, commences the period of limitations to run from the later of the date of the discovery or the date when, by the exercise of reasonable diligence, the plaintiff should have discovered the wrongful act. *Chrischilles v. Griswold*, 260 Iowa 453, 462, 150 N.W.2d 94, 100 (1967). In *Chrischilles* we applied the doctrine to a cause of action based on negligence in which an architect was charged with improper design. We have applied the discovery rule to workers' compensation,

*Orr v. Lewis Central School District*, 298 N.W.2d 256, 262 (Iowa 1980); *Robinson v. Department of Transportation*, 296 N.W.2d 809, 812 (Iowa 1980); *Jacques v. Farmers Lumber & Supply Co.*, 242 Iowa 548, 47 N.W.2d 236, 240 (1951), professional malpractice, *Cameron v. Montgomery*, 225 N.W.2d 154, 155–56 (Iowa 1975); *Baines v. Blenderman*, 223 N.W.2d 199, 201–03 (Iowa 1974), and tortious interference, *Stoller Fisheries, Inc. v. American Title Insurance Co.*, 258 N.W.2d 336, 340 (Iowa 1977). *See also Dirksen v. Hynes & Howes Insurance Counselors, Inc.*, 423 F.Supp. 1290, 1294–95 (S.D.Iowa 1976) (federal district court applied discovery rule to claim of fraud under Iowa Uniform Securities Act as matter of state law).

■ The trial court applied the discovery rule to the Browns' claim, which, as already noted, is based upon an oral contract containing an express warranty and an implied warranty. In a contractual warranty action the statutory period of limitations normally commences when the contract is breached, unless the warranty relates to a future event, in which case the limitations period begins to run on the happening of the specified event. 54 C.J.S. *Limitations on Actions* § 136 (1948). Similarly, a cause of action on a contract accrues and the limitations period begins to run when the contract is breached, not when the damage results or is ascertained. *Id.* § 126. Under this rule the Browns' cause of action for breach of the oral contract would have accrued in 1971 when the well was completed and would be barred by the five-year statute of limitations. *See Anderson v. Anderson*, 234 Iowa 277, 282–84, 12 N.W.2d 571, 575–76 (1944). If the discovery rule is applicable, however, the accrual of the cause of action was postponed until the alleged breach was discovered or reasonably should have been discovered.

■ The party pleading an exception to the normal limitations period has the burden to plead and prove the exception. *Conklin v. Towne*, 204 Iowa 916, 920, 216 N.W. 264, 266 (1927). The Browns plead the discovery rule as an exception, and the

trial court applied it but held they discovered their injury more than five years prior to the time they filed their claim.

We recognize there is strong authority disfavoring the application of the discovery rule to actions based on contract and express and implied warranties: "Ignorance of the plaintiff of his rights or of the facts on which his rights are based, when such ignorance is not due to fraudulent concealment by the defendant, is not generally held to prevent the running of the [statute of limitations]." 18 Williston on Contracts § 2025C, at 779 (3d ed. 1978). *See also Bulova Watch Co. v. Celotex*, 46 N.Y.2d 606, 610, 389 N.E.2d 130, 131–32, 415 N.Y.S.2d 817, 819 (1979) (action for breach of implied warranty on defectively constructed roof accrued at time of sale, not when damage became known); *Schwartz v. Heyden Newport Chemical Corp.*, 12 N.Y.2d 212, 216–19, 188 N.E.2d 142, 144–45, 237 N.Y.S.2d 714, 717, *cert. denied*, 374 U.S. 808, 83 S.Ct. 1697, 10 L.Ed.2d 1032 (1963) (action based on negligence and implied warranty for product inserted into plaintiff's sinuses to make them perceptible in x-rays accrued when "forces wrongfully put in motion produce injury," not when injury became known); *South Burlington School District v. Goodrich*, 135 Vt. 601, 604–06, 382 A.2d 220, 222 (1977) (action for defective construction of roof accrued when roof was constructed, not when damage became known); *Taylor v. Puget Power & Light Co.*, 64 Wash.2d 534, 537–38, 392 P.2d 802, 804 (1964) (cause of action for breach of contract to acquire easement accrued reasonable time after execution and was not postponed until damage occurred).

Other courts have applied the discovery rule to express and implied warranty actions or have construed the warranty at issue to be prospective in nature and breached when the damage actually occurred. *See, e. g., Regents of University of California v. Hartford Accident & Indemnity Co.*, 21 Cal.3d 624, 640–41, 581 P.2d 197, 206–07, 147 Cal.Rptr. 486, 495–96 (1978) (apartment owner's action against contractor's surety bond for breach of warranty for latent construction defect accrued when defect was discovered); *Hepp Bros., Inc. v. Evans*, 420 P.2d 477, 482 (Okl.1966) (action for implied warranty of fitness against installer of vinyl floor covering accrued when defect discovered); *Puretex Lemon Juice, Inc. v. S. Riekes & Sons of Dallas, Inc.*, 351 S.W.2d 119, 122–23 (Tex.Civ.App.1961) (limitations period in action based on implied warranty commenced when buyer discovered, or should have discovered, injury).

There are close similarities between professional malpractice suits, in which the discovery rule is generally applied, and express and implied warranty cases. Malpractice actions are premised on an implied contract to use the standard of care reasonably expected from a professional. Negligent breach of that standard of care gives rise to a cause of action. We believe that a buyer has a similar right to rely on the warranty of the seller of a product or service. In the area of malpractice this very reliance underlies the reason for the application of the discovery rule. *See Baines v. Blenderman*, 223 N.W.2d at 203. In express or implied warranty situations the buyer is in a position of inferior knowledge similar to that of a client or patient in the cases of professional malpractice.

■ We hold that the discovery rule is applicable to cases arising from express and implied warranties. This holding, of course, does not apply to situations in which statutes expressly provide that a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *See, e. g.,* Iowa Uniform Commercial Code, § 554.2725, The Code 1979. The trial court was, therefore, correct in applying the discovery rule.

We must now determine whether the trial court was correct in sustaining Ellison's motion to dismiss, determining that the Browns discovered or should have discovered that the well was defective in May 1973. In order to resolve this question it is necessary to determine the manner in which a trial court must view the evidence in ruling on a motion to dismiss.

Iowa R.Civ.P. 216 does not provide a definitive answer; it merely states: "After the plaintiff has completed his evidence, a defendant may move for dismissal because plaintiff has shown no right to relief, under the law or facts, without waiving his right to offer evidence thereafter." In *Griffith v. Arnold & Rasmussen*, 204 Iowa 1216, 1218–19, 216 N.W. 728, 729 (1927), in commenting on the dismissal of a case tried to the court we stated:

> [E]ven though the judge believed that the plaintiff had made a prima-facie case in a technical sense, which would have entitled him to go to the jury, yet, if he had believed also that the evidence was not convincing, and that the circumstances proved and the inferences which were sought therefrom were weak and inconclusive, and would not justify a judgment for the plaintiff on the merits, then he was under clear duty to dismiss the petition. Where the judge who hears the motion to dismiss is to be the jury which shall try the case upon its merits, we observe no reason that he should overrule a motion to dismiss, only to dismiss upon the merits, on his own motion.

*See also City of Cherokee v. Aetna Life Insurance Co.*, 215 Iowa 1000, 1002, 247 N.W. 495, 497 (1933); *Coen & Conway v. Scott County Savings Bank*, 205 Iowa 483, 486, 218 N.W. 325, 326–27 (1928).

In recent years, however, we have taken a different view. In *B & B Asphalt Co. v. T. S. McShane Co.*, 242 N.W.2d 279, 284 (Iowa 1976) we stated:

> In ruling on a motion for directed verdict or an equivalent motion to dismiss during trial, a trial court must view the evidence in its light most favorable to the adverse party, here the plaintiff. The movant is considered to have admitted the truth of all evidence offered by his adversary and every favorable inference which may fairly and reasonably be deduced from it. When a plaintiff has adduced substantial evidence in support of each element of his cause of action, the motion should be overruled.

*See also Prestype, Inc. v. Carr*, 248 N.W.2d 111, 118 (Iowa 1976); *Schiltz v. Cullen-Schiltz & Associates, Inc.*, 228 N.W.2d 10, 17 (Iowa 1975); *Lakatosh v. Diamond Alkali Co.*, 208 N.W.2d 910, 913 (Iowa 1973); *Quad County Grain, Inc. v. Poe*, 202 N.W.2d 118, 120 (Iowa 1972); *Henschel v. Hawkeye-Security Insurance Co.*, 178 N.W.2d 409, 414 (Iowa 1970); *Brown v. Schmitz*, 237 Iowa 418, 420, 22 N.W.2d 340, 341 (1946). We shall therefore review the evidence in a light most favorable to the Browns to determine whether they provided substantial evidence that they did not discover, and with reasonable diligence could not have discovered, that the well was defective until a period within five years of filing their claim.

The Browns claimed they discovered the defect in 1976, but Ellison contended that the Browns should have made the discovery in May 1973. The Browns presented evidence that they had encountered a problem of air in the water line in 1973. The evidence revealed that the air balance valve was adjusted and later removed, cleaned, treated with acid, and reinstalled. The Browns maintained that this problem did not pertain to the well itself, and that they had no further problems until 1976 when air reappeared in the system. The well was then examined by a water-systems contractor, who removed the pump from the bottom of the well and found traces of shale on certain of the equipment. A well driller was called in to examine the well. The well driller sought to remedy the problem by trying to extend the depth of the well. After he commenced drilling, however, he hit an obstruction of pipe and caved-in shale. The driller then found that all of the rock surrounding the well was shale. There was also evidence that a sufficient water supply could not be obtained from a well drilled into this type of shale, and that the shale in time might erode and plug up the well.

The evidence, when viewed most favorably to the Browns, allows the inference that the problems encountered in 1973 concerned the equipment rather than the well.

We also believe that the evidence, when so viewed, supports the inference that the problems experienced in 1976 revealed to the Browns for the first time that the well was drilled into shale that would not produce sufficient water for their needs. We thus conclude that the Browns' evidence was sufficient to make a prima facie case that they did not discover, and, using reasonable diligence could not have discovered, that their well was defective until 1976.

█ It is unfortunate that the trial court did not reserve ruling on the motion to dismiss and complete the trial of the case. In close cases the preferred procedure is to delay the sustention of a motion to dismiss until the trial has been completed and a finding of facts and conclusion of law has been made, as required by Iowa R.Civ.P. 179. This not only provides a better record for the appellate court, but it also may prevent a retrial.

The trial court's ruling on the motion to dismiss is reversed, and the case is remanded for a new trial.

REVERSED AND REMANDED.