Julie **CALLAHAN, Individually and as Natural Mother and Next Friend of Matthew Althaus, A Minor, Appellants,**

v.

**STATE of Iowa, C.J. Giangreco, Norman Devine, and Robert Redden, Appellees.**

No. 89–1107.

Supreme Court of Iowa.

Dec. 19, 1990.

Patrick J. Spellman of Spellman, Spellman, Spellman, Spellman, Kealhofer & Spellman, Perry, for appellants.

Thomas J. Miller, Atty. Gen., John R. Perkins, Deputy Atty. Gen., and Joanne Moeller, Asst. Atty. Gen., for appellees.

LARSON, Justice.

Four-year-old Matthew Althaus, deaf and cerebral palsied, entered the Iowa School for the Deaf at Council Bluffs in 1981. From that time until he left ISD at the age of seven, Matthew was physically and sexually abused by the staff and older students, according to his petition. Despite substantial efforts by Matthew's mother, Julie, to identify the cause of his deviant sexual behavior at home, she did not discover the abuse until 1988, when Matthew disclosed it under intensive counseling. His mother immediately filed a claim against the State under our tort claims act, Iowa Code ch. 25A (1987), seeking damages individually and as next friend for Matthew. *See* Iowa R.Civ.P. 12.

The State raised the two-year limitation of section 25A.13 and filed a motion for summary judgment on that ground. Julie resisted, urging that under our "discovery rule" the claim was not barred; she did not know, and could not reasonably have discovered, the abuse until 1988. The statute of limitations under section 25A.13, therefore, did not start to run until that time. *See Kendall/Hunt Publishing Co. v. Rowe*, 424 N.W.2d 235, 243 (Iowa 1988); *Chrischilles v. Griswold*, 260 Iowa 453, 463, 150 N.W.2d 94, 100 (1967).

The district court concluded that the claim was barred by section 25A.13, because Matthew knew immediately that he had been abused and who had abused him. The statute of limitation therefore began to run from the last act of abuse, according to its ruling, and that was beyond the two-year limitation of section 25A.13. The court dismissed the case. On appeal, we reverse and remand.

I. Iowa Code section 25A.13 provides:

Every claim and suit permitted under this chapter shall be forever barred, unless within two years after such claim *accrued,* the claim is made in writing to the state appeal board under this chapter. The time to begin a suit under this chapter shall be extended for a period of six months from the date of mailing of notice to the claimant by the state appeal board as to the final disposition of the claim or from the date of withdrawal of the claim from the state appeal board under section 25A.5, if the time to begin suit would otherwise expire before the end of such period.

. . . .

This section is the only statute of limitations applicable to claims as defined in this chapter.

(Emphasis added.) Julie's claim was rejected by the State, and this suit followed.

The key word in section 25A.13 is "accrued." Under the discovery rule, "a cause of action based on negligence does not accrue until plaintiff has in fact discovered that he has suffered injury or by the exercise of reasonable diligence should have discovered it...." *Chrischilles,* 260 Iowa at 463, 150 N.W.2d at 100 (emphasis added). We have not ruled on the question of whether the discovery rule applies to section 25A.13, although in *Farnum v. G.D. Searle & Co.,* 339 N.W.2d 392, 396–97 (Iowa 1983), we assumed the rule would apply, without so deciding.

In *Montgomery v. Polk County,* 278 N.W.2d 911, 914–16 (Iowa 1979), we held that the discovery rule did not apply to the statute of limitations of the *municipal* tort claims act, Iowa Code § 613A.5, noting that the time limitation of that section did not commence on "accrual" of the claim:

*Chrischilles* [which adopted the discovery rule] itself was a private party, common-law negligence action to which the general statute of limitations applied. That statute starts time running when causes of action "accrue." § 614.1, The Code. Section 613A.5 [the Municipal Tort Claims Act], however, does not use that term. Nor does it use a similar term such as "arise." Such terms give

limitations statutes some elasticity as demonstrated by the cases we will consider, for a body of court-made law exists, including the discovery rule itself, as to when a cause of action "accrues" or "arises." Section 613A.5, however, provides that a person who claims damages for wrongful death, loss, or injury "shall commence an action *therefor* within six months" unless the sixty-day notice is given.

*Montgomery v. Polk County,* 278 N.W.2d at 914 (citations omitted).

In contrast to the statute construed in *Montgomery v. Polk County,* section 25A.13 does begin the period of limitations with the "accrual" of the claim. In that respect, section 25A.13 is identical to other "accrual" statutes under which we have held that claims do not accrue until they are discovered. *See, e.g., Sparks v. Metalcraft, Inc.,* 408 N.W.2d 347, 351 (Iowa 1987) (negligence); *Franzen v. Deere & Co.,* 377 N.W.2d 660, 662 (Iowa 1985) (products liability); *Brown v. Ellison,* 304 N.W.2d 197, 201 (Iowa 1981) (express and implied warranties); *Orr v. Lewis Cent. School Dist.,* 298 N.W.2d 256, 262 (Iowa 1980) (workers' compensation); *Cameron v. Montgomery,* 225 N.W.2d 154, 155–56 (Iowa 1975) (legal malpractice); *Baines v. Blenderman,* 223 N.W.2d 199, 201–03 (Iowa 1974) (medical malpractice); *Chrischilles,* 260 Iowa at 463, 150 N.W.2d at 100.

The United States Supreme Court has held that the discovery rule applies to the time limitations of the federal employers liability act which, like our tort claims act, begins to run on "accrual." *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). The Court held that the plaintiff's cause of action did not expire within the three years provided by the act, if his injury was unknown, and inherently unknowable to him.

If Urie were held barred from prosecuting this action because he must be said, as a matter of law, to have contracted silicosis prior to [the three-year period preceding the filing of the lawsuit], it would be clear that the federal legislation afforded Urie only a delusive reme-

dy. It would mean that at some past moment in time, unknown and inherently unknowable even in retrospect, Urie was charged with knowledge of the slow and tragic disintegration of his lungs; under this view Urie's failure to diagnose within the applicable statute of limitations a disease whose symptoms had not yet obtruded on his consciousness would constitute waiver of his right to compensation at the ultimate day of discovery and disability.

*Id.* at 169, 69 S.Ct. at 1024, 93 L.Ed. at 1292. In addition, denial of the plaintiff's claim under these circumstances would defeat the remedial purposes of the federal act, and the Court "[did] not think the humane legislative plan intended such consequences to attach to blameless ignorance." *Id.* at 170, 69 S.Ct. at 1025, 93 L.Ed. at 1292.

The time limitation of the federal tort claims act is also very similar to our section 25A.13. The federal statute provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim *accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added).

The Supreme Court has held that the discovery rule applies to the federal tort claims act and that the time limitation of section 2401(b) does not commence until discovery of the injury. *United States v. Kubrick*, 444 U.S. 111, 123–24, 100 S.Ct. 352, 360, 62 L.Ed.2d 259, 270–71 (1979). Under the federal act, the test is when a reasonably diligent claimant knows enough so that he "can protect himself by seeking advice in the medical and legal community." *Id.* at 123, 100 S.Ct. at 360, 62 L.Ed.2d at 270.

Because chapter 25A is similar to the federal tort claims act, we give considerable weight to cases interpreting that act. *Feltes v. State*, 385 N.W.2d 544, 547 (Iowa 1986); *Adam v. Mount Pleasant Bank &*

*Trust Co.*, 340 N.W.2d 251, 252 (Iowa 1983).

There is a phenomenon among sex abuse victims, sometimes referred to as "Post–Traumatic Stress Disorder," which causes victims to repress information regarding the abuse and therefore to make discovery by others difficult.

It is said that

[t]he term "Post–Traumatic Stress Disorder" (PTSD) is used to describe the psychological impact of traumatic events on a person. The disorders resulting from these events may be either a combination of physical and mental disorders, or solely a residual mental incapacity continuing after a physical injury has healed. PTSD can exist even when a trauma victim has not suffered demonstrable physical injury. A sexually abused child who suffers from this disorder may exhibit symptoms of unnatural secrecy, feelings of helplessness or entrapment, delayed or conflicting disclosure, retraction, and various phobias. A practical consequence is that the child may repress or delay disclosing the sexual abuse until after the pertinent personal injury statute of limitations has run.

. . . .

The child's damaged psyche and weakened ability to perceive right and wrong hinders the child from taking self-protective measures. It is fundamental that in order for a person to take action for a wrong, that person must perceive it as a wrong. Even after she perceives the wrong, she [the sex abuse victim] must also distinguish what kind of wrong it is—a moral wrong, a social wrong, or a legal wrong—in order to take appropriate action. The sexually abused child's world is very often a confused one and thus she may be greatly disabled both in her ability to perceive wrongs and to take appropriate legal action. The people she normally should be able to trust for protection and moral guidance are often the ones hurting her.

Comment, *Not Enough Time?: The Constitutionality of Short Statutes of Limitations for Civil Child Sexual Abuse Liti-*

*gation,* 50 Ohio St.L.J. 753, 756–57 (1989) (citations omitted). This *repression* syndrome, together with other considerations of fairness, have prompted courts to apply the discovery rule liberally in child sex abuse cases. *See, e.g., Simmons v. United States,* 805 F.2d 1363, 1367–68 (9th Cir. 1986) (federal tort claims act case; repression syndrome discussed in applying discovery rule); *Johnson v. Johnson,* 701 F.Supp. 1363 (N.D.Ill.1988) (applying discovery rule under Illinois law); *Meiers–Post v. Schafer,* 170 Mich.App. 174, 427 N.W.2d 606 (1988) (three-year statute of limitations tolled if student could demonstrate that she had psychologically repressed memories of the facts underlying her claim); *Hammer v. Hammer,* 142 Wis.2d 257, 418 N.W.2d 23 (Wis.App.1987). *Cf. John R. v. Oakland Unified School Dist.,* 48 Cal.3d 438, 769 P.2d 948, 256 Cal.Rptr. 766 (1989) (rejected discovery rule but adopted similar theory of equitable estoppel in child sex abuse case). *But see Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226 (1986) (discovery rule held not applicable in absence of objective manifestations of injury).

In discussing the tendency of children to resist reporting sex abuse, an expert in *Meiers–Post* stated:

She [the abuse victim] could not have realized that she had a cause of action against her teacher because of the combination of internal psychological factors and the relationship of the high authority teacher to her self-concept of a low status person who must accede to authority. Thus, it is quite understandable that when she witnessed the television program about the sexual exploitation of students by a teacher, the entire episode that had previously been largely repressed came into consciousness and she became aware of all of its implications for the first time.

170 Mich.App. at 177, 427 N.W.2d at 607–08.

*Hammer* also involved the sex abuse of a child. The abuse ended in 1978 when the plaintiff, at fifteen, reported the acts to her mother. The court in *Hammer* noted that the victim had developed denial and sup-pression-coping mechanisms. According to the plaintiff's expert, because the victim "had failed to understand or appreciate the abusive nature of her father's acts she had been unable to discover their psychological damage." 142 Wis.2d at 263, 418 N.W.2d at 25. The court held that a cause of action for abuse would not accrue until the victim discovered, or in the exercise of reasonable diligence should have discovered, the fact and cause of the injury. *Id.* at 264, 418 N.W.2d at 26.

In the present case, psychologists' affidavits similar to those in *Meiers–Post* and *Hammer* were provided by the plaintiff in her resistance to the State's motion for summary judgment. These affidavits described the repression syndrome among child sex abuse victims and stated that Matthew's failure to communicate the fact of his abuse to his mother was consistent with that phenomenon.

The Iowa legislature has been prompted by the phenomenon of child sex abuse to adopt a *statutory* discovery rule which provides:

An action for damages for injuries suffered as a result of sexual abuse which occurred when the injured person was a child, but not discovered until after the injured person is of the age of majority, shall be brought within four years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the sexual abuse.

Iowa Code § 614.8A (as amended in 1990). Section 614.8A is not involved in this case, but it evidences a strong public policy which, we believe, is relevant in determining whether adoption of the discovery rule is compatible with other legislation such as chapter 25A. We believe that adoption of the discovery rule in this case is consistent with that public policy and furthers the remedial purpose of the tort claims act. *See Urie,* 337 U.S. at 170, 69 S.Ct. at 1025, 93 L.Ed. at 1292; *Montgomery v. Polk County,* 278 N.W.2d at 918 (chapter 613A case; McCormick, J., dissenting).

The Supreme Court's adoption of the discovery rule under the federal tort claims act, our general acceptance of the discovery rule in negligence cases, and the remedial purposes of such statutes as chapter 25A favor adoption of the discovery rule under chapter 25A. Accordingly, we hold that a claim against the State under chapter 25A does not accrue until the plaintiff knows or in the exercise of reasonable care should have known both the fact of the injury and its cause. *See Kubrick,* 444 U.S. at 122, 100 S.Ct. at 359, 62 L.Ed.2d at 269. The burden of proving such an exception to the statute of limitations is on the plaintiff. *Kendall/Hunt Publishing Co.,* 424 N.W.2d at 243.

This holding is not inconsistent with *Harden v. State,* 434 N.W.2d 881, 884 (Iowa 1989), which held that Iowa Code section 614.8, which tolls general statutes of limitations under chapter 614 during the minority of a claimant, does not apply to chapter 25A. In fact, adoption of a discovery rule in chapter 25A cases is virtually compelled by *Harden.* Without some ameliorative provision by statute or case law, a minor's claim under chapter 25A could conceivably be barred before any injury manifests itself and before the plaintiff is of age. A newborn infant, for example, who is injured by the negligence of a state doctor would lose a claim at the age of two years, even though no one knew about the injury or could find out about it in the exercise of reasonable diligence.

■■■ II. In this case, the district court's application of the discovery rule was unique because it focused on what Matthew knew about his abuse, and when it occurred, because Matthew was the "real party in interest." The State concedes that this was error and that "[d]efendants believe plaintiffs are correct in their assertion it is the knowledge of Matt's mother, Julie Callahan, which must be analyzed to determine when the statute of limitations began to run, not Matt's knowledge. For this reason, defendants do not believe Judge Sulhoff's order can be sustained on that ground."

The critical issue in this summary judgment case, therefore, is whether there are disputed issues of fact concerning what Julie knew of her son's injury and when that knowledge was obtained. Her affidavits, furnished by experts in resistance to the summary judgment motion, discussed the phenomenon of repression by child sex abuse victims and stated that discovery of Matthew's injury by the mother was understandable under the circumstances. Julie's affidavits also established diligent efforts on her part to uncover the source of his problems.

We conclude there was a genuine issue of material fact concerning the application of the discovery rule and that it was error to enter summary judgment. Accordingly, we reverse and remand for proceedings to establish the application of the discovery rule.

■■ There is another issue upon which the plaintiff has appealed respecting the court's dismissal of her claim under 42 U.S.C. section 1983 for violation of her constitutional rights. Under *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), section 1983 actions are subject to the appropriate state statutes of limitations governing actions "for an injury to the person or reputation of any person." The plaintiff's section 1983 action, therefore, is subject to the general limitation provisions of chapter 614, not section 25A.13, and the discovery rule clearly applies under *Chrischilles* and its progeny, as discussed above. Accordingly, the court's dismissal of the section 1983 action must also be reversed.

REVERSED AND REMANDED.

All Justices concur except SCHULTZ, J., McGIVERIN, C.J., and HARRIS and CARTER, JJ., who dissent.

ANDREASEN, J., concurs specially and files an opinion.

ANDREASEN, Justice (specially concurring).

I concur in the majority opinion. I write specially to express some additional views on the case.

I agree the discovery rule may be applicable under chapter 25A. The court should not have granted summary judgment to the State.

When determining if the discovery rule should be applied, the court should balance the unfairness of requiring a party to defend a delayed legal action against the unfairness of denying a claim before the claimant's injury is discovered or discoverable. Application of the discovery rule should be determined by the court on a case-by-case basis.

I believe the district court should normally conduct a pretrial hearing to determine if the statute of limitations should bar the plaintiff's claims. Because the discovery rule is a judicially created doctrine based on equitable considerations, the hearing should be in equity, and equitable principles should apply even though the action is legal.

The trial court must determine whether the plaintiff is *equitably* entitled to the benefit of the discovery rule. In each case where the plaintiff claims the benefit of the discovery rule the court should identify, evaluate, and weigh the equitable claims made by both parties. The court should consider all relevant facts and circumstances. The factors to be considered may include but are not limited to: the nature of the alleged injury, the availability of witnesses and written evidence, the length of time that has elapsed since the alleged wrongdoing, whether the delay has been deliberate or intentional, whether the delay was peculiarly or unusually prejudicial to the defendant, and whether the defendant concealed or misrepresented the nature or cause of the alleged injury. Such a procedure has been applied in New Jersey since 1973. *See Lopez v. Swyer,* 62 N.J. 267, 300 A.2d 563 (1973).

SCHULTZ, Justice (dissenting).

The majority opinion applied the discovery rule to claims brought under Iowa Code section 25A.13 (1987). In this case, the State argued, under the admitted facts, that plaintiff failed to support her position that the discovery rule was applicable. I

agree with the State's position and would not have addressed the discovery rule. Even if I would have addressed the discovery rule, I would not have applied the rule to section 25A.13.

We recently refused to apply the tolling provision of Iowa Code section 614.8 to the claim of a minor under section 25A.13. *Harden v. State,* 434 N.W.2d 881, 884 (Iowa 1989). We decided that the legislature did not intend to toll the limitation period for tort claims against the State. *Id.* Under the majority opinion, we will apply the discovery rule to cases involving minors; however, we will not toll the statute of limitations. I believe that this result is inconsistent.

The discovery rule is a judicially created doctrine based on equitable considerations which limits the application of a statutorily imposed bar to actions. The purpose is to preclude harsh and unjust results flowing from an automatic adherence to a limitation statute. Even though we have liberally applied the discovery rule to many different causes of action, *Brown v. Ellison,* 304 N.W.2d 197, 200 (Iowa 1981), we should evaluate each new application on its individual merits. We should only impose this judicial doctrine to remove statutory bars in those instances when equitable considerations demand it.

We have never applied the doctrine of the discovery rule to the statute of limitations in section 25A.13. We have rejected the application of the discovery rule to the time-limit provisions in Iowa Code chapter 613A (1977), governing tort liability of governmental subdivisions. We reasoned that the notice provision in section 613A.5 required the time period to run from the time of the loss rather than from the accrual of the action. *Montgomery v. Polk County,* 278 N.W.2d 911, 914–18 (Iowa 1979); *see also Farnum v. G.D. Searle & Co., Inc.,* 339 N.W.2d 392, 396–97 (Iowa 1983). When the discovery rule is at issue, I would treat claims under chapter 25A the same as under chapter 613A.

I believe the trial court's ruling on application of the discovery rule was correct. It determined that Matthew was aware of the

physical and sexual abuse that he sustained and was aware of the responsible parties. I would not, as did the majority, be influenced by an Iowa statutory change which took place two years after this cause of action was commenced. Plaintiff did not resist the motion for summary judgment by advancing any evidence of Matthew's incapacity to understand the facts concerning the sexual impropriety. Plaintiff only asserts Matthew's handicaps and the reluctance of children to disclose sensitive information. The plaintiff has the burden of going forward with the evidence to establish application of the discovery doctrine and showing in the resistance that a genuine issue of fact exists on the discovery issue. I believe that this was not done.

The mother's claim was for loss of consortium. Iowa Rule of Civil Procedure 8 allows a claim by a parent for the expenses incurred for the benefit of the child and actual loss of services, companionship, and society resulting from injuries caused by a third party. If the mother suffered these damages, it seems logical that she would have noticed the occurrence of the tort. Any awareness giving rise to the mother's claim is inconsistent with her claim of late discovery.

I would hold that the discovery rule should not be extended to a parent when it is not available to the child. I am aware that we previously indicated that parental consortium claims are not truly derivative actions and that the parent is not subject to the same defenses raised against a minor. *Handeland v. Brown*, 216 N.W.2d 574, 578–79 (Iowa 1974). Even though the claim is not truly derivative, the action certainly grows out of the same occurrence. Other courts have held that a spouse's loss of consortium claim accrues simultaneously with the primary claim of the injured spouse. *Tomlinson v. Siehl*, 459 S.W.2d 166, 168 (Ky.1970); *Box v. Walker*, 453 A.2d 1181, 1183 (Me.1983). I would hold that any claim that the mother may have had in this case is barred by the limitation period imposed on the child.

I agree with the majority's decision that the federal claims present a different limitation bar than the state tort claims. I would reverse the district court's dismissal of the child's section 1983 claim. However, the tolling provision of section 614.8 should not apply to the mother's consortium claim under section 1983. Section 614.8 provides no aid to the parent of a minor child. Although we have not previously passed on this issue, a Nebraska court recently held that a statute similar to section 614.8 is for the exclusive and personal benefit of a minor and does not extend the time period for a parent to bring a consortium claim. *Macku v. Drackett Prods. Co.*, 216 Neb. 176, 183, 343 N.W.2d 58, 62 (1984); *see also Emerson v. Southern Ry.*, 404 So.2d 576, 580 (Ala.1981); *Shahf v. Lake Havasu City Ass'n for the Retarded and Handicapped*, 150 Ariz. 50, 56, 721 P.2d 1177, 1183 (Ct. App.1986); *Ostrander v. Cone Mills, Inc.*, 445 N.W.2d 240, 241 (Minn.1989). I would follow this authority.

McGIVERIN, C.J., and HARRIS and CARTER, JJ., join this dissent.