IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 13, 2001 Session

## MICHAEL SUTTON, ET AL. v. LARRY BARNES, ET AL.

**Appeal from the Circuit Court for Cocke County**
**No. 26,389-II    Richard R. Vance, Judge**

### FILED JANUARY 30, 2002

### No. E2001-01911-COA-R3-CV

The plaintiffs, Cocke County homeowners, brought this action seeking compensation for damage caused to their home by blasting activity on their neighbors' property. In response to interrogatories, the company that did the blasting identified the Cocke County Highway Commission as the provider of the explosives. Thereafter, the plaintiffs filed an amended complaint, naming Cocke County and the Cocke County Highway Commission (collectively "the County") as additional party defendants. Upon the County's motion, the trial court dismissed the plaintiffs' complaint as to the County, holding that their action is time-barred. On appeal, the plaintiffs argue that the discovery rule applies to their action against the County, and, therefore, their claim is not time-barred. The County argues that even if the plaintiffs' action is not barred by the applicable statute of limitations, the plaintiffs have failed to state a claim upon which relief can be granted. We hold that the discovery rule applies to actions against governmental entities and that there is a genuine issue for trial as to when the plaintiffs' cause of action "ar[ose]." We further hold that the complaint adequately states a cause of action, but only as to the plaintiffs' claim of common-law negligence. Accordingly, the judgment of the trial court is affirmed in part and reversed in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part and Reversed in Part; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Steven Douglas Drinnon, Dandridge, Tennessee, for the appellants, Michael Sutton and Sandra Sutton.

Douglas L. Dutton and Lisa J. Hall, Knoxville, Tennessee, for the appellees, Cocke County and the Cocke County Highway Commission.

### OPINION

I.

The plaintiffs filed their complaint on April 14, 2000, claiming that on April 20, 1999, their home was damaged by blasting activity on adjacent property belonging to the defendants, Larry Barnes and Melissa Barnes. The plaintiffs sued the Barnes as well as Bush Construction Company, Inc.[1], the company that did the blasting, and Brockwell Construction Company, Inc., the alleged supplier of the blasting material.[2]

On June 5, 2000, the plaintiffs served their first set of interrogatories upon Bush Construction Company. Among other things, the interrogatories requested the identity of the person or entity that supplied the blasting materials used on the Barnes' property. When Bush Construction Company did not timely respond, the plaintiffs, on October 16, 2000, filed a motion to compel. Finally, on November 30, 2000, Bush Construction Company filed its responses and, for the first time, identified the Cocke County Highway Commission[3] as the provider of the explosives. Thereafter, on December 27, 2000, the plaintiffs moved to amend their complaint to add Cocke County and the Cocke County Highway Commission as party defendants, which motion was granted. The amended complaint alleges (1) that the County violated the Tennessee Blasting Standards Act of 1975, T.C.A. § 68-105-101, *et seq*., by selling explosives to unlicensed and unregistered users; and (2) that the County was negligent in that it "breached a duty of care owed to Plaintiffs by selling and/or providing said explosives and/or explosive devices to an unlicensed, unregistered, inexperienced and uncertified person and/or entity."

The County filed a motion to dismiss the amended complaint, alleging (1) that the plaintiffs' action is barred by the one-year statute of limitations[4] set forth in the Tennessee Governmental Tort Liability Act ("GTLA") and (2) that the plaintiffs failed to state a claim upon which relief could be granted. The plaintiffs opposed the motion to dismiss, arguing that, pursuant to the discovery rule, their cause of action did not "arise[]" – and thus the statute of limitations did not begin to run – until November 30, 2000, when they discovered that the County supplied the explosives that damaged their property. The plaintiffs submitted the affidavit of Mr. Sutton, in which he states that it was his understanding at the time of the blasting that Brockwell Construction Company had supplied the explosives and that although he had "consulted persons in the community," he did not learn that the County in fact had provided the explosives until the plaintiffs received Bush Construction

---

[1] The shareholders and employees of Bush Construction were also sued in their individual capacity. For ease of reference, we shall refer to the shareholders and the company collectively as "Bush Construction Company" or "the company."

[2] The plaintiffs eventually took a voluntary nonsuit as to Brockwell Construction Company.

[3] Although the correct nomenclature of the defendant is the "Cocke County Highway Commission," the responses identify it as the "Cocke County Highway Department."

[4] T.C.A. § 29-20-305(b) (2000) provides that an action against a governmental entity "must be commenced within twelve (12) months after the cause of action *arises*." (Emphasis added).

Company's responses to the interrogatories. Mr. Sutton further asserts that he "had no way of knowing" that the County was the supplier until that time.

The trial court granted the County's motion, holding that the discovery rule does not apply to cases governed by the GTLA and, therefore, the plaintiffs' claim is time-barred. The trial court certified the order as a final judgment pursuant to Tenn. R. Civ. P. 54.02. The plaintiffs appeal, arguing (1) that the discovery rule applies to cases involving the GTLA and (2) that their action is not barred by the statute of limitations. The County asserts that even if the plaintiffs' claim is not time-barred, they have failed to state a claim upon which relief can be granted.

## II.

The plaintiffs contend that the discovery rule applies and, therefore, their cause of action against the County "ar[ose]" on November 30, 2000, when they first learned, by way of Bush Construction Company's interrogatory responses, that the County had provided the explosives that damaged the plaintiffs' property. The County counters that the GTLA must be strictly construed, and therefore, the discovery rule should not be applied because to do so would effectively enlarge the period of time within which suit could be brought against a governmental entity.

Since the trial court had before it the affidavit of Mr. Sutton, we will treat the action of the trial court in dismissing the plaintiffs' complaint as one for summary judgment. *See* Tenn. R. Civ. P. 12.03. We are obligated to affirm a grant of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

We have conducted an extensive search of Tennessee caselaw, including the cases cited by the parties; however, we have not found any cases in which this "discovery rule" issue has been squarely addressed. Therefore, we will begin our analysis with an examination of the general principles of the discovery rule. We will then examine Tennessee cases involving the GTLA statute of limitations set forth in T.C.A. § 29-20-305(b). Finally, we will look at other jurisdictions to see how the discovery rule has been applied to governmental tort liability statutes in those venues.

## A.

The discovery rule provides that the applicable statute of limitations begins to run when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that an injury was sustained as a result of wrongful conduct by the defendant. *Shadrick v. Coker,* 963 S.W.2d 726, 733 (Tenn. 1998). The rule was designed "to alleviate the intolerable result of barring a cause of action by holding that it 'accrued' before the discovery of the injury or the wrong." *Foster v. Harris,* 633 S.W.2d 304, 305 (Tenn. 1982).

Furthermore, it is well-settled that "a cause of action in tort does not accrue until a judicial remedy is available." *Wyatt v. A-Best, Co., Inc.,* 910 S.W.2d 851, 855 (Tenn. 1995); *Foster,* 633

S.W.2d at 305. A judicial remedy is considered "available" when (1) a defendant breaches a legally recognized duty owed to a plaintiff and (2) the breach causes the plaintiff legally cognizable damage. *Wyatt,* 910 S.W.2d at 855. A breach of duty occurs when the plaintiff discovers, or "reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced...injury; and (2) the identity of the defendant who breached the duty." *Foster,* 633 S.W.2d at 305. "Quite simply, a plaintiff must have discovered the existence of facts which would support an action in tort against the tortfeasor before suit can be filed." *Wyatt,* 910 S.W.2d at 855. Thus, the plaintiff must have discovered "not only the existence of an injury, but the tortious origin of the injury." *Id.* (quoting *Hathaway v. Middle Tennessee Anesthesiology, P.C.,* 724 S.W.2d 355, 359 (Tenn. Ct. App. 1986)). However, a plaintiff may not delay filing merely because the full effects of the injury are not actually known; "such a delay would conflict with the purpose of avoiding uncertainties and burdens inherent in pursuing and defending stale claims." *Wyatt,* 910 S.W.2d at 855. Whether the plaintiff has exercised reasonable care in discovering the injury or the wrong is generally a question for the trier of fact to determine. *Id.* at 854.

B.

We will now examine the statute of limitations set forth in the GTLA. Historically, governmental entities have been immune from suit based on the concept of sovereign immunity. *See Williams v. Memphis Light, Gas and Water Div.,* 773 S.W.2d 522, 523 (Tenn. Ct. App. 1988). However, with the passage of the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, *et seq.*, the Legislature, acting within its power under Article 1, § 17 of the Tennessee Constitution, has provided for the waiver of the absolute immunity afforded governmental entities, but only within certain limitations. *See id.* One of these limitations is the statute at issue in the instant case, T.C.A. § 29-20-305(b), which provides that an action against a governmental entity "must be commenced within twelve (12) months after the cause of action arises."

The GTLA's waiver of immunity "is narrowly confined in its scope." *Doyle v. Frost,* 49 S.W.3d 853, 858 (Tenn. 2001); *see* T.C.A. § 29-20-201(c) (2000) ("any claim for damages must be brought in strict compliance with the terms of this chapter"). As the Supreme Court noted in *Doyle*:

> The limited waiver of governmental immunity provided for in the [GTLA] is in clear derogation of the common law. Generally, statutes in derogation of the common law are to be strictly construed and confined to their express terms, and that rule of construction has been expressly incorporated into the Act....

*Doyle,* 49 S.W.3d at 858 (quoting *Ezell v. Cockrell,* 902 S.W.2d 394, 399 (Tenn. 1995)).

Because the GTLA is strictly construed, courts have refused to apply statutes and rules to cases arising under the GTLA if application of the particular statute or rule would effectively expand the statute of limitations period set forth in T.C.A. § 29-20-305(b). For example, this Court has held

that the savings statute[5] does not apply to GTLA actions. *See Williams,* 773 S.W.2d at 523; *Rael v. Montgomery County,* 769 S.W.2d 211, 214 (Tenn. Ct. App. 1988). In *Williams*, this Court stated, in pertinent part, as follows:

> Since the [GTLA] created a new liability, it must be strictly construed. In so doing, we find that the twelve-month limitation period of T.C.A. § 29-20-305(b) for bringing an action is a condition precedent which must be met before a suit may be brought against the governmental entity.
>
> *      *      *
>
> In this case the right to sue [the defendant governmental entity] was granted to [the plaintiff] by statute. However, that statute provided a limited time within which he must exercise that right. [The plaintiff] failed to comply with the condition precedent and, as a result, he lost the right to bring this action. We find that the savings statute cannot be used to extend the period within which to file suit against a governmental entity. The legislature could have made T.C.A. § 28-1-105 applicable to the [GTLA], however, it has chosen not to do so.

*Williams,* 773 S.W.2d at 523 (citation omitted). For these same reasons, this Court held in *Nance v. City of Knoxville,* 883 S.W.2d 629, 631 (Tenn. Ct. App. 1994), that T.C.A. § 28-1-115, which allows a plaintiff to bring an action in state court following the dismissal of an action in federal court for lack of jurisdiction, does not apply to GTLA actions because the statute would effectively extend the GTLA statute of limitations period. *See Lynn v. City of Jackson,* 63 S.W.3d 332, 337 (Tenn. 2001).

In *Daniel v. Hardin County General Hospital,* 971 S.W.2d 21 (Tenn. Ct. App. 1997), this Court addressed the applicability of the comparative fault joinder statute, which provides that in a

---

[5]The Tennessee savings statute provides, in pertinent part, as follows:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff...may, from time to time, commence a new action within one (1) year after the reversal or arrest.

T.C.A. § 28-1-105(a) (2000).

comparative fault case, where, after the expiration of the statute of limitations, the defendant alleges that a nonparty contributed to the plaintiff's injury, the plaintiff may within 90 days of the defendant's answer alleging such person's fault, either: "(1) Amend the complaint...pursuant to Rule 15...; or (2) Institute a separate action against that person...." T.C.A. § 20-1-119(a) (Supp. 2001). This Court has held that this particular provision does not apply to cases arising under the GTLA because application of the statute would effectively extend the limitations period. *Id.* at 25. The *Daniel* court explained its rationale as follows:

> The legislature was quite clear in stating that "actions *must* be commenced within twelve (12) months after the cause of action arises" and that "any claim for damages must be brought in strict compliance with the terms of this chapter." T.C.A. §§ 29-20-201(b), 29-20-305(b). We cannot change the plain meaning of the words of the [GTLA]. The legislature could have made T.C.A. § 20-1-119 applicable to the [GTLA], however, it has chosen not to do so.

*Daniel,* 971 S.W.2d at 25. (Emphasis in original).

Most recently, the Supreme Court has addressed the GTLA statute of limitations in *Doyle v. Frost,* 49 S.W.3d 853 (Tenn. 2001). At issue in that case was the application of the relation back doctrine set forth in Tenn. R. Civ. P. 15.03. *Id.* at 854. The Court found that the application of Rule 15.03 to a GTLA action does not conflict with a strict interpretation of T.C.A. § 29-20-305(b), noting that "an amendment under Rule 15.03 made pursuant to the 'relation back' doctrine is not considered *excepted* from the applicable statute of limitations, it is considered made before the limitations period expired." *Id.* at 858 (emphasis added). The Court noted that the Rule's requirement that the affected party receive notice within the applicable limitations period or within 120 days of commencement of the action serves to ensure that the protections afforded by the statute of limitations, namely the avoidance of adjudicating stale claims and affording notice to defendants, would not be compromised. *Id.* at 858, 859.

C.

While we are not aware of any Tennessee case squarely addressing the applicability of the discovery rule to actions arising under the GTLA, other jurisdictions have held that the rule does apply to similarly-worded statutes addressing tort claims against governmental entities. For example, in *Rio v. Edward Hospital,* 472 N.E.2d 421 (Ill. 1984), the Supreme Court of Illinois applied the discovery rule in a medical malpractice action brought against a governmental entity. *Id.* at 425. The plaintiff had filed suit in 1981, alleging that physicians had negligently treated him at the defendant hospital for a wrist injury in 1979. *Id.* at 422. According to the Illinois Tort Immunity Act, the plaintiff was required to give notice of his claim within one year from the date the cause of action "was received or accrued." *Id.* at 423. The plaintiff argued that the discovery rule should apply, because he had not discovered that he had a cause of action against the defendants until 1981. *Id.* at 422. The Illinois Supreme Court agreed with the plaintiff, stating as follows:

The primary purpose of the Tort Immunity Act is to encourage early investigation into the claim asserted against the local government at a time when the matter is still fresh, witnesses are available, and conditions have not materially changed. Such an investigation permits prompt settlement of meritorious claims and allows governmental entities to plan their budgets in light of potential liabilities. Defendants contend that the extension of the discovery rule to cases such as this will defeat the purpose of the Tort Immunity Act, because it will prevent local governments from conducting investigations shortly after the injuries occur. We disagree.... In view of the fact that under the provisions of section 8-102 a governmental entity need not be given notice for almost a year after the occurrence it can hardly be contended that the statute necessarily assures an opportunity to conduct an inspection immediately after the injury is sustained. An injured party would still be required to give timely notice after discovery of his injury. It would be absurd to conclude that the General Assembly intended anything more.

*Id.* at 425 (citations and quotation marks omitted).

In *Callahan v. State,* 464 N.W.2d 268 (Iowa 1990), the Iowa Supreme Court applied the discovery rule in a case brought against the state by a parent who alleged that her child had been abused while at a state school for the deaf. *Id.* at 269. The plaintiff did not discover the abuse of her child until four years after the child withdrew from the school. *Id.* The state argued that the claim was barred by the statute of limitations in the state tort claims act, which period of limitations required the plaintiff to file suit "within two years after such claim accrued." *Id.* at 269, 270. The Supreme Court of Iowa disagreed, noting that "[u]nder the discovery rule, a cause of action based on negligence does not *accrue* until plaintiff has in fact discovered that he has suffered injury or by the exercise of reasonable diligence should have discovered it...." *Id.* (citation and internal quotation marks omitted) (emphasis added). Accordingly, the Court held that a claim against the state "does not accrue until the plaintiff knows or in the exercise of reasonable care should have known both the fact of the injury and its cause." *Id.* at 273. The Court based its holding on several factors, including the Iowa courts' "general acceptance of the discovery rule in negligence cases," the general remedial purposes of the state tort claims act, and the United States Supreme Court decision in *United States v. Kubrick,* 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979), wherein the discovery rule was held to apply to the Federal Tort Claims Act, which, the Iowa Supreme Court noted, contained nearly identical language to the Iowa statute at issue. *Callahan,* 464 N.W.2d at 271, 273.

The Utah Supreme Court has recognized that the discovery rule is applicable to the Utah Governmental Immunity Act. In *Warren v. Provo City Corp.,* 838 P.2d 1125 (Utah 1992), the plaintiff was injured when the plane he leased from a local flying club crashed. *Id.* at 1127. Within one year of the accident, the plaintiff contacted the city airport manager to request information regarding the flying club's insurance. *Id.* at 1128. By the time the airport manager advised the plaintiff that the flying club had not maintained insurance as required by city aviation regulations,

over a year had passed since the accident. *Id.* The plaintiff brought suit against the city for failing to enforce its regulations. *Id.* The Utah Supreme Court stated that the discovery rule is applicable only "in certain instances," such as (1) where the rule is mandated by statute; (2) where the plaintiff is not aware of the cause of action because of misleading conduct or concealment by the defendant; or (3) where "exceptional circumstances" exist. *Id.* at 1129-30. The Court determined that none of these situations existed in the case before it. *Id.* Specifically, the Court found that the plaintiff had not conducted a reasonable investigation and, therefore, could not show that he did not know and could not reasonably have known of the existence of the claim against the city within the limitations period. *Id.* at 1129. The Court therefore affirmed the dismissal of the plaintiff's claim. *Id.* at 1130-31.

D.

Our review of the foregoing leads us to conclude that the discovery rule should be applied to cases involving the GTLA. Accordingly, we hold that a cause of action "arises" under the GTLA when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she sustained an injury as a result of the defendant's wrongful conduct. *See Shadrick,* 963 S.W.2d at 733. In our view, the application of the discovery rule does not conflict with the strict interpretation mandated by the controlling Tennessee authority cited in this opinion. Unlike the statutes at issue in *Williams, Nance* and *Daniel*, application of the discovery rule would not *expand* the 12-month period in which a plaintiff has to file suit under the GTLA. The plaintiff must still file its action within 12 months of the date on which the cause of action "arises"; the discovery rule merely operates to determine when the 12 months starts to run.

Having determined that the discovery rule applies in the instant case, we hasten to add that we do not pass judgment on the issue of whether the rule operates to toll the statute of limitations in the instant case. Based upon the record before us, we find there is a genuine issue of material fact as to whether the plaintiffs exercised reasonable care in discovering the identity of the supplier of the explosives within the limitations period. *See Wyatt,* 910 S.W.2d at 854. Accordingly, we hold that summary judgment is inappropriate on this basis. This issue must be resolved by the trier of fact.

III.

The County argues that even if the plaintiffs' action is not time-barred, the dismissal of their action was nevertheless proper because, so the argument goes, the plaintiffs failed to state a claim upon which relief could be granted. The plaintiffs assert that their complaint adequately states a cause of action based upon negligence and negligent entrustment. While the trial court based its dismissal on the ground that the plaintiffs' complaint was time-barred, the failure to state a cause of action issue was properly raised below and is, by virtue of the issue stated in the County's brief, now before us on this appeal. *See* Tenn. R. App. P. 27(b).

The trial court's grant of a motion to dismiss for failure to state a claim upon which relief can be granted presents a question of law, which we review *de novo* with no presumption of correctness.

***Stein v. Davidson Hotel Co.,*** 945 S.W.2d 714, 716 (Tenn. 1997). We must examine the complaint alone, "construe the complaint liberally in favor of the plaintiff, taking all allegations of fact therein as true." ***Cook v. Spinnaker's of Rivergate, Inc.,*** 878 S.W.2d 934, 938 (Tenn. 1994). The motion should be denied "unless it appears that the plaintiff[s] can prove no set of facts in support of [their] claim that would entitle [them] to relief." ***Stein,*** 945 S.W.2d at 716.

The plaintiffs assert two primary bases for their cause of action against the County. First, they argue that the County violated the Tennessee Blasting Standards Act of 1975, T.C.A. § 68-105-101, *et seq.* ("the Act"), by selling explosives to persons who were not licensed by or registered with the state as required by the Act. We have reviewed the Act in its entirety and agree with the County that the Act does not provide any basis for a cause of action against the seller of explosives. The Act sets forth the requirements of those who *use* blasting materials; there is no statutory provision restricting the *sale* of explosives only to those who are registered, licensed, or otherwise qualified to use such materials. As to the claim of liability under the Tennessee Blasting Standards Act of 1975, the County's motion should be granted.

The other basis for the plaintiffs' cause of action is common-law negligence, a theory sometimes referred to in their brief as a theory of negligent entrustment.[6] Upon reviewing the allegations in the plaintiffs' complaint, which we must take as true, *see **Cook,*** 878 S.W.2d at 938, we find that the plaintiffs have adequately set forth a cause of action for negligence. It is recognized in Tennessee that a seller of hazardous materials, such as explosives, has a duty to use a degree of care proportionate to the danger posed to persons who may come into contact with those materials. *See* 13 Tenn. Jur. *Explosions and Explosives* § 3 (1984); *see also **Read Phosphate Co. v. Vickers,*** 11 Tenn. App. 146, 154 (1930) (holding seller of sulphuric acid liable for injuries to third party when seller negligently failed to give notice to the purchaser of the product's dangerous character). The plaintiffs in the instant case allege that the County breached its duty of care by selling explosives to inexperienced, unlicensed, and unregistered persons. We cannot say that "the plaintiff[s] can prove no set of facts in support of [their] claim that would entitle [them] to relief." *See **Stein,*** 945 S.W.2d at 716. Accordingly, we hold that the County's motion to dismiss as to the common-law negligence claim is not well-taken and should be denied.[7]

IV.

The judgment of the trial court as to the County's alleged liability under the Tennessee Blasting Standards Act of 1975 is affirmed. The remainder of the judgment is reversed. This case is remanded for further proceedings, consistent with this opinion. Costs on appeal are taxed to the appellees, Cocke County and the Cocke County Highway Commission.

---

[6] At this juncture in the proceedings, we do not find it necessary to determine whether this is an "entrustment" case in the literal sense; clearly the plaintiffs have alleged common-law negligence.

[7] We note that if the County believes that the plaintiffs' complaint is so vague or ambiguous that it cannot reasonably respond to it, the County, upon remand, may file a motion for a more definite statement pointing out the alleged defects in the complaint and describing the additional details desired. *See* Tenn. R. Civ. P. 12.05.

_____
CHARLES D. SUSANO, JR., JUDGE