Victor J. WERNIMONT and Florence A. Wernimont, Appellants,

v.

STATE of Iowa, Appellee.

No. 65336.

Supreme Court of Iowa.

Nov. 25, 1981.

Robert Kohorst and John C. Louis of Louis, Moore, Kohorst & Louis, Harlan, for appellant.

Thomas J. Miller, Atty. Gen., Robert W. Goodwin, Sp. Asst. Atty. Gen., and Robert J. Huber, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Plaintiffs Victor J. and Florence A. Wernimont, husband and wife, appeal from judgment entered against them in favor of defendant State of Iowa in a tort action to recover damages after a one-vehicle accident. They contend that trial court erroneously granted defendant's motion to dismiss after plaintiffs completed their evidence. We agree and, therefore, reverse and remand for a new trial.

On January 10, 1975, plaintiff Victor Wernimont was driving a truck tractor and trailer on Interstate 29 near Council Bluffs when he lost control of the vehicle because of blizzard and icy road conditions. The vehicle broke through a post and block

guardrail section, crossed a forty-four foot median and came to rest against a concrete bridge support beam. Victor sustained physical injuries.

Plaintiffs brought action for Victor's personal injuries and Florence's loss of consortium against defendant State of Iowa on the grounds of specific negligence and res ipsa loquitur under the State Tort Claims Act, Chapter 25A, The Code. Plaintiffs claimed as specific negligence the installation of inadequate guardrails, failure to salt and sand the road, and failure to warn. They had previously brought an action against International Harvester Corporation and Midwestern Truck Sales, Inc., under theories of negligence, strict liability and implied warranty of merchantability and fitness concerning the truck cab involved in the incident. *See Wernimont v. International Harvester Corp.,* 309 N.W.2d 137, 139 (Iowa Ct.App.1981).

The present cause was tried to the court without a jury. § 25A.4. At the close of plaintiffs' evidence, defendant moved "to dismiss the lawsuit for lack of sufficient evidence." Iowa R.Civ.P. 216. Trial court treated the motion as one for a directed verdict and sustained the motion because the court found the proximate cause of the accident was Victor's contributory negligence. Plaintiffs appeal, claiming the trial court erred in sustaining the motion.[1] We agree.

I. *Standard for trial court's review of evidence on Iowa R.Civ.P. 216 motion for involuntary dismissal.* Iowa R.Civ.P. 216 provides in part: "After the plaintiff has completed his evidence, a defendant may move for dismissal because plaintiff has shown no right to relief, under the law or facts, without waiving his right to offer evidence thereafter."

■ Defendant was uncertain as to the correct label for its motion made at the close of plaintiff's evidence. Trial court

---

1. The parties do not mention in their briefs that Florence's claim for loss of consortium would not be barred by any alleged contributory negligence by Victor. *Fuller v. Buhrow,* 292 N.W.2d 672, 674–76 (Iowa 1980). However, this point need not be relied on by Florence in this appeal due to our view that defendant's motion to dismiss should have been overruled as to defendant's contention that Victor was contributorily negligent as a matter of law.

incorrectly called it a motion for directed verdict. Defendant made what is denominated in Iowa as a motion for involuntary dismissal or, more simply, a motion to dismiss. Iowa R.Civ.P. 216; *B & B Asphalt Co. v. T. S. McShane Co.*, 242 N.W.2d 279, 281 (Iowa 1976); *Quad County Grain, Inc. v. Poe*, 202 N.W.2d 118, 120 (Iowa 1972); *Brown v. Schmitz*, 237 Iowa 418, 420, 22 N.W.2d 340, 341 (1946).

Our past cases say trial court is to use the same standard of review of plaintiff's evidence when presented with a motion to dismiss in a non-jury case as with a motion for directed verdict in a jury case.

> In ruling on a motion for directed verdict or an equivalent motion to dismiss during trial, a trial court must view the evidence in its light most favorable to the adverse party, here the plaintiff. The movant is considered to have admitted the truth of all evidence offered by his adversary and every favorable inference which may fairly and reasonably be deduced from it. When a plaintiff had adduced substantial evidence in support of each element of his cause of action, the motion should be overruled.

*Brown v. Ellison*, 304 N.W.2d 197, 202 (Iowa 1981); *B & B Asphalt*, 242 N.W.2d at 284; see *Henschel v. Hawkeye-Security Insurance Company*, 178 N.W.2d 409, 414 (Iowa 1970) (motion to dismiss during trial of non-jury case is equivalent to motion for directed verdict in jury case).

We are aware that in some states and the federal system the court may weigh the evidence and decide the case according to a preponderance of the evidence after completion of the plaintiff's evidence in a non-jury case. Fed.R.Civ.P. 41(b)[2]; see e. g., *Eddy v. Gallaway*, 89 Cal.Rptr. 491, 494, 11 Cal.App.3d 185, 190 (1970); *Rowe v. Bowers*, 160 Colo. 379, 381, 417 P.2d 503, 504–05 (1966); *Roemer v. Green Pastures Farms, Inc.*, 97 Idaho 591, 592–93, 548 P.2d 857, 858–59 (1976); *City of Evanston v. Ridgeview House, Inc.*, 64 Ill.2d 40, 57, 349 N.E.2d

399, 407–08 (1976); *Union National Bank & Trust Co. v. Acker*, 213 Kan. 491, 494, 516 P.2d 999, 1002 (1973). Defendant urges that we follow that rule.

■ Other states, however, limit the trial court to viewing plaintiff's evidence in the light most favorable to him, making all reasonable favorable inferences, and determining if plaintiff has made a prima facie case. See e. g., *Minton v. McGowan*, 253 Ark. 945, 946, 490 S.W.2d 136, 137 (1973); *Tillman v. Baskin*, 260 So.2d 509, 511–12 (Fla.1972); *Hooton v. Kenneth B. Mumaw Plumbing & Heating Co.*, 271 Md. 565, 572, 318 A.2d 514, 517–18 (1974); *Schmidt v. Merriweather*, 82 Nev. 372, 374, 418 P.2d 991, 992–93 (1966); *Arbenz v. Bebout*, 444 P.2d 317, 319 (Wyo.1968). We find that Iowa is included in the latter group.

We decline to abandon our existing rule. We reaffirm our previous position and hold that, upon a defendant's motion to dismiss pursuant to Iowa R.Civ.P. 216, trial court must view the evidence in the light most favorable to the plaintiff, make every favorable inference for the plaintiff which may be reasonably drawn from his evidence, and if, thereby, there is substantial evidence in support of each element of the plaintiff's claim, overrule the motion. Cf. Iowa R.App.P. 14(f)(2) (similar on motions for directed verdict.)

■ II. *Propriety of the ruling on the motion to dismiss.* Our standard of review of trial court's disposition of this action under the Tort Claims Act is for determination of assigned errors at law. Iowa R.App.P. 4; *Davis v. Jenness*, 253 N.W.2d 610, 614 (Iowa 1977).

The case went to trial on the specific negligence and res ipsa loquitur allegations in the petition. Defendant alleged the affirmative defense of contributory negligence. Ordinarily, a trial court would examine plaintiffs' evidence after defendant's rule 216 motion to dismiss, to determine if a prima facie showing of the elements of

---

**2.** However, Fed.R.Civ.P. 41(b) is distinguishable from Iowa R.Civ.P. 216 in that rule 41(b) specifically allows the court as trier of the facts in a non-jury case to determine the facts when ruling on a motion to dismiss at the close of plaintiff's case and render judgment thereon.

plaintiffs' various recovery theories has been established. The court in the present case, however, found that the proximate cause of Victor's injuries was his contributory negligence as alleged by defendant and that, therefore, examination of the elements of plaintiffs' theories of recovery was unnecessary. The finding of contributory negligence was based, in part, on evidence that Victor was traveling thirty to thirty-one miles per hour at the time of the accident under extremely hazardous road conditions. There was some support for this conclusion in plaintiffs' evidence, but there was also testimony that plaintiff was traveling only five to six miles per hour at the time of the accident.

We note that it is a very exceptional case where trial court should make a finding of contributory negligence as a matter of law. Iowa R.App.P. 14(f)(10); *Wirtanen v. Provin*, 293 N.W.2d 252, 257 (Iowa 1980); *LeClere v. Iowa Electric Light and Power Co.*, 254 Iowa 779, 790, 119 N.W.2d 203, 209 (1963). The standard for such a finding as a matter of law is:

> '[W]here the facts are clear and undisputed,' and the existence and effect of the plaintiff's contributory negligence sufficiently 'apparent to every fair-minded and reasonable man, so but one conclusion may be fairly drawn therefrom,' then the trial court may and should direct a verdict in the defendant's favor because thereof.

*Murphy v. Iowa Electric Co.*, 206 Iowa 567, 572, 220 N.W. 360, 362 (1928).

We find this is not such an exceptional case. *See Bradt v. Grell Construction, Inc.*, 161 N.W.2d 336, 343–44 (Iowa 1968) (question of whether driver of vehicle on snow covered driveway at maximum speed of five miles per hour had vehicle under control is for the jury).

We hold that when plaintiffs' evidence is viewed in the light most favorable to plaintiffs, trial court erred in concluding that Victor was contributorily negligent as a matter of law. Thus, defendant's rule 216 motion should have been overruled. We therefore reverse the judgment for defendant and remand for a new trial.

Finally, we note that except in an unusually clear case trial court ordinarily should reserve ruling on or deny a defendant's rule 216 motion, let the defendant put on his evidence and then either submit the case to the jury or else, in the non-jury case, enter findings of fact, conclusions of law and final judgment at the close of all the evidence. *Brown*, 304 N.W.2d at 203; *see Larkin v. Bierman*, 213 N.W.2d 487, 490 (Iowa 1973) (preferred procedure in close cases is to delay sustaining motion for directed verdict until after jury verdict to avoid retrial if there is a reversal.)

REVERSED AND REMANDED.