Thomas E. DAVIS, Appellee,

v.

KWIK–SHOP, INC., Appellant.

KWIK–SHOP, INC., Appellant,

v.

HY–VEE FOOD STORES,
INC., Appellee.

Thomas E. DAVIS, Appellant,

v.

HY–VEE FOOD STORES,
INC., Appellee.

No. 91–1517.

Supreme Court of Iowa.

Aug. 25, 1993.

George A. Goebel and Mike Walker of Goebel & Koury Law Offices, Davenport, for appellant Tom Davis.

Realff H. Ottesen of Ottesen, Hoffman & Priester, Davenport, for appellant Kwik–Shop, Inc.

John D. Telleen of Lane & Waterman, Davenport, for appellee Hy–Vee Food Stores, Inc.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, NEUMAN, and ANDREASEN, JJ.

SCHULTZ, Justice.

In this appeal from a tort action, we must consider whether a grocery store owner owes a duty to plaintiff for injuries suffered on an adjoining business' property at the hands of assailants who had earlier been on the grocery store's premises. Plaintiff Tom E. Davis was never on the premises of defendant Hy–Vee Food Stores, Inc. (Hy–Vee), but was stabbed by one of the assailants while on the defendant Kwik–Shop, Inc.'s premises. In response to Hy–Vee's motion for summary judgment, the district court dismissed all actions against Hy–Vee arising out of plaintiff's injury. We affirm.

In the early morning of June 7, 1989, Davis had a fight with Willie Pruitt in the Kwik–Shop parking lot. While Davis and Pruitt were fighting, one of Pruitt's companions, Daniel Lopez, stabbed Davis in the back.

Prior to the fight, Pruitt, Lopez, and several of their friends were in and around the Hy–Vee and the Hy–Vee employee's

parking lot. The Hy–Vee employee's parking lot and the Kwik–Shop property are adjacent.

While on Hy–Vee's property, assailants reportedly displayed a knife and shoved a customer entering the store. In the Hy–Vee employee's parking lot, the assailants displayed aggressive, threatening behavior to several off-duty Hy–Vee employees. At least one of the employees was familiar with the assailants, spoke with them and determined they had been drinking and had weapons. Hy–Vee's employees avoided a physical confrontation by getting into their cars and leaving the lot. Before leaving the parking lot, an employee heard the assailants say they were going to go over to the Kwik–Shop to see what "some guys" were doing or "kick their ass."

Davis and his companions were at the Kwik–Shop by the gas pumps when assailants confronted them. Pruitt approached Davis and asked, "Are you laughing at me?" Davis replied "No." Pruitt said, "You better not be." Davis told Pruitt, "You better get out of here, nigger, before you get hurt." Pruitt asked Davis if he had a "piece." Davis reportedly responded that he wasn't "packing a piece," he was just "packing his fists."

Pruitt pulled a knife on Davis who then told him that if he wanted to fight he should get rid of the knife. Pruitt threw the knife aside and the fight began. Davis had Pruitt on the ground and was on top of him when Lopez stabbed him in the back. After the stabbing, Davis' friends chased the assailants back to their van still parked in the Hy–Vee employee's parking lot. Another assailant had remained with the van and helped the others escape by pointing a shotgun at Davis' friends.

Davis is paralyzed as a result of the stab wound he received in the fight. He brought an action against Kwik–Shop who then filed a third party action against Hy–Vee. Davis amended his petition to allege a direct claim against Hy–Vee. Hy–Vee filed a motion for summary judgment which Davis and Kwik–Shop resisted. The district court ruled that under the circumstances of the case, Hy–Vee owed no duty of care to Davis and sustained Hy–Vee's motion. Davis and defendant Kwik–Shop appeal the court's ruling and have prepared a joint brief. For the sake of convenience, we shall generally refer to their claims as those of plaintiffs. The issues plaintiffs raise are whether Hy–Vee had a duty to protect Davis from the assailants and whether there is a genuine issue of material fact in this case.

I. Plaintiffs argue that because assailants were invitees on Hy–Vee's property, Hy–Vee had a duty to control them and protect Davis from harm. They urge that assailants' presence, as invitees on Hy–Vee's property, created a special relation requiring Hy–Vee to control assailants and prevent injury to another.

Fundamental principles of tort law govern our review. A violation of a legal right by a wrongdoer is a prerequisite to obtaining redress for a claimed wrong. *Kelly v. Sinclair Oil Corp.*, 476 N.W.2d 341, 354 (Iowa 1991). The general rule is that a person has no duty to prevent a third person from causing harm to another. *Id.*

Plaintiffs urge that Hy–Vee falls within an exception to this rule as explained in *Restatement (Second) of Torts* section 315 (1965). This section provides:

There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a special relation exists between the actor and the other which gives to the other a right to protection.

Plaintiffs argue that, pursuant to section 315(a), a special relation did exist between Hy–Vee and assailants which created a duty for Hy–Vee to control them. Plaintiffs rely upon *Restatement (Second) of Torts* 314A(3) which sets out a special relation giving rise to the claimed duty:

A possessor of land who holds it open to the public is under a similar duty to

members of the public who enter in response to his invitation.

We cannot accept plaintiffs' assessment that a special relation existed between Hy-Vee and the assailants. *Restatement (Second) of Torts* section 314A comment c specifically states as follows:

> The rules stated in this Section apply only where the relation exists between the parties, and the risk of harm, of further harm, arises in the course of that relation. A carrier is under no duty to one who has left the vehicle and ceased to be a passenger, nor is an innkeeper under a duty to a guest who is injured or endangered while he is away from the premises. *Nor is a possessor of land under any such duty to one who has ceased to be an invitee.*

(Emphasis added.) Under the undisputed facts in this case Pruitt fought with Davis, and Lopez stabbed Davis. This occurred after Pruitt and Lopez left Hy-Vee's premises. If the assailants were Hy-Vee's invitees at one time, they ceased to be invitees when they left the Hy-Vee employee's parking lot and entered on to Kwik-Shop premises.

We are aware that *Restatement (Second) of Torts* section 318 (1965), recognizes certain duties of reasonable care for a possessor of land to control the conduct of licensees upon its premises. However, we have recognized limits on these duties. In *Kelly,* we held a bartender who ordered an intoxicated minor off of the tavern's property, did not breach any legally recognized duty to plaintiffs for injuries they sustained when the minor left the property, ran a stop sign and hit their car. Similarly, once assailants left Hy-Vee's property, Hy-Vee no longer had a special relation with them; therefore, no duty to protect Davis.

II. Plaintiffs also argue that there is a genuine issue of material fact in this case. Because we hold that Hy-Vee had no duty to protect Davis, we need not determine whether a fact issue existed.

In summary, we hold that the district court's ruling sustaining Hy-Vee's motion for summary judgment was correct.

**AFFIRMED.**