**Daniel REGAN, John Regan, Michael Regan and Mark Regan, Appellants,**

v.

**DENBAR, INC., d/b/a Katie McButts Tavern, Appellee.**

No. 93–211.

Court of Appeals of Iowa.

Jan. 25, 1994.

Michael J. McCarthy, McCarthy & Lammers, Davenport, for appellants.

Roger A. Lathrop and Vicki L. Seeck, Betty, Neuman & McMahon, Davenport, for appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ., but decided en banc.

DONIELSON, Judge.

Daniel, John, Michael and Mark Regan were playing darts at Katie McButts Tavern in Davenport when an altercation occurred. While Michael Ortega confronted Daniel Regan, Patrick Wilcox apparently struck Daniel in the face, knocking him to the ground. A fight ensued between Ortega and his friends and the Regan brothers.

Matt Schwartz, the sole bartender, interceded and asked the Regans to leave the premises. The Regans asked Schwartz to summon the police because they feared they would be attacked on the way to their vehicle. Schwartz refused and escorted them out the back door.

A man whom the Regans claim was Wilcox was outside at a picnic table. The man told Schwartz he was just "cooling off." The bartender returned to the tavern and shut the door. Shortly thereafter, Wilcox attacked the Regans, and Ortega and a number of other patrons joined in the fray.

The Regans sustained injuries in the fights; Wilcox, Ortega and Timothy Bateman were subsequently convicted of assault.

The Regans filed suit against Denbar, Inc., d/b/a Katie McButts Tavern seeking damages for their injuries. The Regans claimed the tavern had a duty to protect them from the criminal acts of their assailants both inside and outside the premises. They maintained the tavern's employees were aware of their assailants' violent propensities and intoxication and should have prevented the initial fight. They further asserted the tavern was negligent in forcing them to leave the premises despite the foreseeable danger of a renewed attack.

Following the presentation of plaintiffs' evidence at trial, the district court granted defendant's motion for directed verdict. The court found plaintiffs failed to present any evidence that their assailants had a reputation for violence or concerning any past fights inside or outside the tavern. The court ruled that there was no evidence that an assault was foreseeable.

The Regans appeal. We reverse the trial court's grant of a directed verdict and remand for a new trial.

■■■ We review the district court's grant of a directed verdict for correction of errors at law. Iowa R.App.P. 4. When considering a motion for a directed verdict, the trial court views the evidence in the light most favorable to the nonmoving party. Iowa R.App.P. 14(f)(2). "The movant is considered to have admitted the truth of all evidence offered by his adversary and every favorable inference which may fairly and reasonably be deduced from it." *Wernimont v. State*, 312 N.W.2d 568, 570 (Iowa 1981) (quoting *Brown v. Ellison*, 304 N.W.2d 197, 202 (Iowa 1981). "[A] fact question is generated if reasonable minds can differ on how the issue should be resolved." *Knapp v. Simmons*, 345 N.W.2d 118, 121 (Iowa 1984) (citations omitted). Generally, questions of negligence or proximate cause are for the jury; only in exceptional cases should they be decided as a matter of law. Iowa R.App.P. 14(f)(10).

■■ The general rule in torts is a person does not have a duty to protect another from harm caused by a third person. *Davis v. Kwik–Shop, Inc.*, 504 N.W.2d 877, 878 (Iowa 1993); Restatement (Second) of Torts § 315 (1965). This general rule, however, is inapplicable in certain situations such as business premises open to the public. Section 344 of the Restatement provides:

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm or otherwise protect them against it.

Restatement (Second) of Torts, § 344 (1965).

■ An altercation between the Regan brothers and several other patrons of the bar had already occurred. The bartender intervened. One brother made the reasonable request that the bartender call the police. The bartender refused. The brothers were afraid to leave since their car was parked far from the building and they were from out of town. As the bartender sent them out the back door, he saw one of those involved in the fight outside and spoke with him, but did not allow the brothers to stay inside under his protection or call the police. The brothers were attacked outside, first by Wilcox, to whom the bartender had spoken, and then by others who came outside.

Taking the testimony of the brothers as true in evaluating the motion for a directed verdict, we conclude there is sufficient evidence of the foreseeability of this incident to avoid a directed verdict and allow the issue to go to the jury. The bartender broke up the fight in the bar. He was asked to call the police and refused. He expressed concern he would not be able "to hold back" the attackers. One of the attackers was already outside when the brothers were forced to leave by the back door. Others quickly joined him and the fight ensued. We determine the trial court erred in holding there was no evidence to support the claim and in directing a verdict. We therefore reverse the grant of a directed verdict and remand for a new trial.

**REVERSED AND REMANDED.**

All Judges concur, except SACKETT and HABHAB, JJ., who dissent.

SACKETT, Judge (dissenting).

I dissent. I would affirm the trial court.

Plaintiffs-appellants Daniel Regan, John Regan, Michael Regan and Mark Regan appeal a trial court order granting summary judgment and dismissing their action against defendant-appellee Denbar, Inc. for injuries suffered in a fight. I would affirm.

Defendant operates a bar in Davenport, Iowa. Plaintiffs filed suit against defendant for injuries they received both inside and outside defendant's premises. The issue was whether there was substantial evidence from which a reasonable fact finder could determine an intentional assault by another was foreseeable by defendant's bartender. I agree with the trial court that there was not substantial evidence.

There were two assaults. The first occurred when a customer of defendant assaulted plaintiffs in the bar. There is no evidence from which the bartender could have concluded the customer would have thrown a punch.

The second incident happened off defendant's premises. Plaintiffs' position is the bartender should have known another assault was about to occur. The only evidence is one of the plaintiffs asked the bartender to call the police. This is not substantial. I would affirm.

The general rule is a person has no duty to prevent a third person from causing harm to another. *Davis v. Kwik–Shop, Inc.*, 504 N.W.2d 877, 878 (Iowa 1993); *Leonard v. State*, 491 N.W.2d 508, 509–10 (Iowa 1992); *Kelly v. Sinclair Oil Corp.*, 476 N.W.2d 341, 354 (Iowa 1991).

Restatement (Second) of Torts section 315 (1965), provides:

There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a special relation exists between the actor and the other which gives to the other a right to protection.

Restatement (Second) of Torts section 314A(3) sets out a special relation giving rise to the claimed duty:

A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation.

754

Restatement (Second) of Torts section 314A comment c specifically states as follows:

The rules stated in this Section apply only where the relation exists between the parties, and the risk of harm, or of further harm, arises in the course of that relation. A carrier is under no duty to one who has left the vehicle and ceased to be a passenger, nor is an innkeeper under a duty to a guest who is injured or endangered while he is away from the premises. *Nor is a possessor of land under any such duty to one who has ceased to be an invitee.* (Emphasis added).

The undisputed facts of this case are there is no evidence defendant's bartender knew plaintiffs would be punched in the bar, nor after they were asked to leave. *See Kelly,* 476 N.W.2d at 355. The trial court was correct in sustaining the motion for summary judgment.

I would affirm the trial court.

HABHAB, J., joins this dissent.