Christine **HUMPHRIES,** Appellant,

v.

**TRUSTEES OF the METHODIST EPIS-
COPAL CHURCH OF CRESCO, IOWA,**
Cresco United Methodist Church, and
the City of Cresco, Iowa, Appellees.

No. 96–923.

Supreme Court of Iowa.

July 23, 1997.

Rehearing Denied Sept. 19, 1997.

James M. Powers and Mark H. Rettig of Hines, Pence, Day & Powers, P.C., Cedar Rapids, for Appellant.

John T. McCoy of Yagla, McCoy & Riley, P.L.C., Waterloo, for Appellees Trustees of the Methodist Episcopal Church of Cresco, Iowa, and Cresco United Methodist Church.

Patrick M. Roby and Christopher L. Bruns of Elderkin & Pirnie, P.L.C., Cedar Rapids, for Appellee City of Cresco, Iowa.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and SNELL, JJ.

HARRIS, Justice.

Summary judgments were entered against a plaintiff in this slip-and-fall case. A claim against an adjoining landowner (a church) was dismissed on a finding that the accident did not occur on what amounts to a "sidewalk." A claim against a city was dismissed because the city fully complied with its policy for removing snow and ice from the street. We affirm.

Plaintiff Christine Humphries suffered injuries as a result of slipping and falling on ice and snow outside the Cresco United Methodist Church following a musical performance she had given there. She fell as she was attempting to step onto a street where her car was parked in front of the church. The slip occurred on a foot-wide concrete apron immediately abutting the curb. The apron is separated from the regular crosswalk by several feet of grass parking. The point of the slip on the apron was approximately two feet from a public entry sidewalk leading from the street, across the crosswalk, and to the main door of the church.

Plaintiff sued the church and its trustees who were responsible for the upkeep of the church's property, (together referred to as the church) and the City of Cresco (the city). As to the church the plaintiff claimed: (1) the church, as adjacent landowner, breached its duty to remove snow and ice from the "sidewalk"; (2) an employee of the church had negligently instructed her to park by the dangerous curb area, putting her at risk. Plaintiff claims the city was negligent in failing to keep the curb area free of snow and ice.

Both the church and city successfully moved for summary judgment. The matter is before us on plaintiff's appeal. Our review of the district court's granting of a summary judgment is on error. *Hagen v. Texaco Ref. & Mktg., Inc.*, 526 N.W.2d 531, 534 (Iowa 1995). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 237. We view the record in the light most favorable to the party opposing the summary judgment motion. *Hagen*, 526 N.W.2d at 534. "Generally questions of negligence, contributory negligence and proximate cause are for the jury; it is only in exceptional cases that they may be decided as matters of law." Iowa R.App. P. 14(f)(10). Whether a defendant owes a plaintiff a duty is a legal matter for court—not jury—determination. *Davis v. Kwik–Shop, Inc.*, 504 N.W.2d 877, 878–79 (Iowa 1993).

I. The church can be assigned responsibility to clear the ice and snow only if the place of the accident can be described as a sidewalk. There is no dispute that the slip-and-fall occurred in the public street area east of the church premises. Title to city streets is held by the municipality. *Cowin v. City of Waterloo*, 237 Iowa 202, 205, 21 N.W.2d 705, 707 (1946). So it is clear that any obligation of the church, as the adjacent landowner, must be derived from statute. At common law

[a] property owner does not have charge of, or control over, a public sidewalk and consequently the owner of adjacent property owes no duty to a pedestrian to clear, or make safe for walking, ice and snow which has naturally accumulated on the sidewalk in front of it unless a statute validly imposes that duty.

*Rockafellow v. Rockwell City*, 217 N.W.2d 246, 249 (Iowa 1974).

Iowa has imposed such a statutory duty. *See* 1984 Iowa Acts ch. 1002, § 1. In accordance with this Act, Iowa Code section 364.12 (1995) provides in relevant part:

2. A city shall keep all public grounds, streets, sidewalks, alleys, bridges, culverts, overpasses, underpasses, grade crossing separations and approaches, public ways, squares, and commons open, in repair, and free from nuisance, with the following exceptions:

. . . .

*b.* The abutting property owner is responsible for the removal of the natural accumulations of snow and ice from the *sidewalks* within a reasonable amount of time and may be liable for damages caused by the failure of the abutting property owner to use reasonable care in the removal of the snow or ice.

(Emphasis added.) So the question becomes whether the one-foot concrete apron where the plaintiff fell qualifies as a "sidewalk" under this section. We think not. We think, in imposing on abutting property owners the responsibility to clear sidewalks on public property, the legislature did not intend to include the apron involved here.

The plaintiff would have us adopt the rather extensive definition of the word sidewalk contained in our motor vehicle code. Section 321.1(72) provides:

*"Sidewalk"* means that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines intended for the use of pedestrians.

But this definition does not apply because it is expressly confined to the Code chapter in which it appears. The first sentence in section 321.1 states: "The following words and phrases when used in *this chapter* shall, for the purpose of *this chapter*, have the meanings respectively ascribed to them." (Emphasis added.)

Dictionary definitions are of limited help. One dictionary defines "sidewalk" as "[a] walk for foot passengers at the side of a street or road; a foot pavement." Webster's New International Dictionary 2113 (unabridged 3d ed. 1965). Another dictionary defines "sidewalk" as "a path for pedestrians, usually paved, along the side of a street." Webster's New World Dictionary 1323 (2d college ed. 1978). Resolution of the question

must turn on our perception of legislative intent.

The proof submitted with the summary judgment motions discloses that the apron was intended and used, not as an auxiliary crosswalk, but as a mere widening of the curb. It was not placed or used as a path for pedestrians passing from one point to another along the street. Rather it was a mere convenience for those stepping from or into automobiles parked on the street. The definition suggested by plaintiff would extend liability beyond the public crosswalk immediately adjacent to (the statute specifies "abutting") the church premises. It would raise a second responsibility for a curb extension parallel to the crosswalk and separated from it by a publicly owned strip of grass. One might even question whether, under these peculiar circumstances, the curb extension "abuts" the church premises. The word "abut" means to border, to touch, as in contiguous estates. Webster's New International Dictionary 8.

The trial court was correct in holding the accident did not occur on the church's abutting sidewalk.

II. In addition to a common-law claim to clear the sidewalk—which we have already indicated was without merit—plaintiff alleges the church had a common-law duty to direct her to a safe parking place because the church minister indicated to Humphries where she could park upon arriving at the church.

The church did not require Humphries to park in any particular place. Humphries was in complete control of the location of her car during and after her performance. There is no evidence that the place indicated was an unreasonably dangerous area; Humphries was able to walk safely from her car to the church for her performance. Under the circumstances the church did not undertake any duty to direct Humphries to a safe parking place. Had there been such a duty, there is no indication it was violated.

III. The suit against the city was correctly dismissed because of the immunity provided by Iowa Code section 668.10(2). It states:

In any action brought pursuant to this chapter, the state or a municipality shall not be assigned a percentage of fault for any of the following:

. . . .

2. The failure to remove natural or unnatural accumulations of snow or ice, or to place sand, salt, or other abrasive material on a highway, road, or street if the state or municipality establishes that it has complied with its policy or level of service for snow and ice removal for placing sand, salt or other abrasive material on its highways, roads, or streets.

Under this section a city has immunity from liability for a suit based on negligence in its failure to remove "natural or unnatural accumulations of snow or ice" if it meets three requirements: (1) the snow or ice in question was on a highway, road, or street; (2) the city had a policy or level of service for snow and ice removal; and (3) the city complied with that policy or level of service. Plaintiff contends there are remaining disputes of material facts that concern these three requirements and render summary judgment inappropriate. But plaintiff's suggested disagreements cannot serve to avert the challenged summary judgments.

We said recently:

It is true that summary judgment is properly granted only when the moving party demonstrates (1) the absence of any genuine issue of material fact, and (2) entitlement to judgment as a matter of law. Fact issues are material, however, only when the dispute over them might affect the outcome of the suit. If the conflict in the record concerns only the legal consequences flowing from undisputed facts, entry of summary judgment is proper.

*Thompson v. City of Des Moines*, 564 N.W.2d 839, 841 (Iowa 1997) (citations omitted). A factual issue does not arise simply from the claim that one exists. Iowa rule of civil procedure 237(e) specifies that the resisting party cannot "rest upon the mere allegations or denials of [the] pleadings." To be effective the response "must set forth

specific facts constituting competent evidence to support a prima facie claim." *Marks v. Estate of Hartgerink*, 528 N.W.2d 539, 544 (Iowa 1995). For the reasons that follow, we think the city established the three required elements for statutory immunity.

The point of the accident, whether on the concrete apron or the curb, was a street for the purposes here. The word "street" should be interpreted broadly so as to foster the legislative intent favoring immunity. *Phillips v. City of Waukee,* 467 N.W.2d 218, 219 (Iowa 1991); *Foster v. City of Council Bluffs,* 456 N.W.2d 1, 2 (Iowa 1990). Under such a broad reading the term "street" certainly includes a raised curb on public property at the edge of a roadway and includes as well a narrow concrete extension of the curb.

The city has a policy concerning snow and ice removal from streets. Under it the street adjacent to the church was a "priority 2" area. A priority 2 area is required to have two lanes of traffic plowed. The policy directed the piling of snow and ice onto the curb (and apron) area in priority 2 areas. The policy did not require the removal of snow and ice from the curb or apron. So the undisputed facts in the record show the city complied with its policy of clearing the street adjacent to the church. Statutory immunity attached.

We thus reject all of plaintiff's challenges.

**AFFIRMED.**