# IN THE COURT OF APPEALS OF IOWA

No. 24-0248
Filed March 5, 2025

**HELENA DETTMER and TERRY STONE,**
    Plaintiffs-Appellants,

**vs.**

**CITY OF CORALVILLE, IOWA,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Andrew Chappell, Judge.

A wife and husband asserting personal-injury claims appeal the district court's order granting the defendant summary judgment. **AFFIRMED.**

Steven E. Ballard of Leff Law Firm, L.L.P., Iowa City, for appellants.

Stephanie L. Hinz, Terry J. Abernathy, and Bradley J. Kaspar of Pickens, Barnes & Abernathy, Cedar Rapids, for appellee.

Heard by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

Did Helena Dettmer trip and fall on snow and ice accumulated in the street or on the sidewalk? That is the primary question driving this appeal.

On December 31, 2020, the City of Coralville received approximately ten inches of snow. The city's snow-removal policy required streets to be plowed within twenty-four inches of the curb. After the snow stopped, all seven of Coralville's snow-removal zones were cleared and plowed.

Eleven days later, Dettmer was walking her dog. As she was walking across the street, she noticed the area before the curb she approached was covered with compacted snow and ice. She tried to maneuver over the snow and ice but tripped and fell in the process. Because she was injured, her husband took photos of the location where she slipped that same day.

Contending the snow and ice on which she tripped was on the sidewalk and the city owned the land adjoining the sidewalk, Dettmer and her husband (Terry Stone) filed a lawsuit seeking compensation from the city for damages.[1] They alleged negligence and statutory liability. *See* Iowa Code § 364.12(2)(b) (2021) (requiring owners of property abutting sidewalks to remove snow and ice and providing for possible liability for damages if they do not).

The city filed a motion for summary judgment. The motion asserted statutory immunity based on the city's claim that Dettmer tripped on snow and ice on the street, not the sidewalk. The city contended it had followed its snow-

---

[1] As Stone's claims are based on loss of spousal consortium, they are dependent on the viability of Dettmer's claims. For ease of reference throughout this opinion, we will refer only to Dettmer's claims, but the discussion applies to both plaintiffs.

removal policy as to the streets, so it had immunity pursuant to Iowa Code section 668.10(1)(b). The district court granted the city's motion and dismissed all claims. Dettmer appeals the court's ruling.

## I.  Standard of Review

We review the district court's granting of summary judgement for correction of errors at law. *Summit Carbon Sols., LLC v. Kasischke*, 14 N.W.3d 119, 126 (Iowa 2024). Summary judgment is only appropriate if the moving party establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Penny v. City of Winterset*, 999 N.W.2d 650, 652 (Iowa 2023). We assess the evidence in the light most favorable to the nonmoving party, including giving that party all legitimate inferences that can be drawn from the record. *Myers v. City of Cedar Falls*, 8 N.W.3d 171, 176 (Iowa 2024).

## II.  Discussion

As noted, the city asserted immunity under Iowa Code section 668.10(1)(b), which grants immunity to municipalities for:

> The failure to remove natural or unnatural accumulations of snow or ice, or to place sand, salt, or other abrasive material on a highway, road, or street if the state or municipality establishes that it has complied with its policy or level of service for snow and ice removal or placing sand, salt, or otherwise material on its highways, roads, or streets.

Our case law interprets this immunity provision to impose a three-part test requiring the party seeking immunity to prove "(1) the snow or ice in question was on a highway, road, or street; (2) the city had a policy or level of service for snow and ice removal; and (3) the city complied with that policy or level of service."

*Humphries v. Tr. of the Methodist Episcopal Church of Cresco*, 566 N.W.2d 869, 872 (Iowa 1997).

The district court determined the city proved all three parts of the test and granted summary judgment accordingly.  On appeal, Dettmer challenges the first and third parts of the test.  She contends the snow and ice in question was on the sidewalk and, even if it was in the street, the city failed to comply with its snow-removal policy by not plowing within twenty-four inches of the curb.  So, according to Dettmer, the city failed to prove its entitlement to immunity.  At the very least, she contends there is a genuine issue of fact as to these two parts of the test.  We address each in turn.

**A.      Street or Sidewalk?**

The distinction of whether the ice and snow in question was in the street or on the sidewalk is an important one.  When, as here, a municipality owns land abutting a sidewalk, it has an obligation to remove natural accumulations of snow and ice from the sidewalk.  Iowa Code § 364.12(2)(b).  The city only has immunity for such accumulations in the street.  *See id.* § 668.10(1)(b); *Humphries*, 566 N.W.2d at 872.

To determine where the snow and ice in question was, we look to the record. Dettmer testified in her deposition that the snow and ice on which she fell was "located in the walkway prior to getting on the sidewalk."  When asked to confirm that the ice and snow was in the street, Dettmer responded affirmatively, noting the ice was "right next to where you would get onto the sidewalk."  Dettmer further corroborated the location of where she tripped by circling it on an exhibit—a photo

taken by her husband on the day of her fall. The location she circled is in the street:



Dettmer attempts to avoid the ramifications of her testimony and her marking of the exhibit by arguing that she is not bound by her labeling of the location where she tripped. While that may be true—and we acknowledge that finding commonality of what to call the various locations at the scene can be tricky—it is not the nomenclature that Dettmer used that is dispositive. It is her description and the photographs that convince us it is undisputed she tripped in the street. Dettmer acknowledged she tripped "right next to where you would get onto the sidewalk" and confirmed her description by marking the location on the photo. The area marked in the photo is clearly not on the sidewalk. It is in the street.

This conclusion is supported by case law interpreting section 668.10(1)(b). As used in that paragraph, the term "street" must be interpreted broadly to foster

the legislative intent favoring immunity. *Humphries*, 566 N.W.2d at 873; *Foster v. City of Council Bluffs*, 456 N.W.2d 1, 2 (Iowa 1990). In *Humphries*, the court found that immunity was properly applied to dismiss a suit against the city when the plaintiff was injured after slipping on ice and snow on a concrete apron abutting the curb. 566 N.W.2d at 870. Using the broad interpretation required to foster immunity, the court concluded "the term 'street' certainly includes a raised curb on public property at the edge of a roadway and includes as well a narrow concrete extension of the curb." *Id.* at 873. Dettmer attempts to distinguish her case from *Humphries* by arguing the court classified raised curbs and concrete aprons as streets because they are not intended for pedestrian use. She contends this finding does not extend to curb ramps because curb ramps are used as pedestrian access points from the street to the sidewalk.

Dettmer's argument is not supported by *Humphries* or the record. As for *Humphries*, the court concluded that concrete aprons and the curb are considered streets for the purpose of determining statutory liability. *Id.* at 872. Nothing in the opinion suggests the result would be different if the curb were not raised, as was the case here. Whether the curb is raised or ramped, it is part of the street and not the sidewalk for purposes of applying section 668.10(1)(b). *See id.* And, as to the record, there is nothing about Dettmer's description of where she tripped or the area she circled on the photo showing where she tripped that even gets her to the ramped curb. By her own verbal and pictorial description, she tripped in the street as that term is defined in section 668.10(1)(b) and *Humphries*. As a result, we find no error in the district court's conclusion that the city satisfied the first part of the three-part test by establishing Dettmer tripped in the street and not on the sidewalk.

**B.      Compliance with the Snow Removal Policy**

We turn next to Dettmer's challenge to the third part of the three-part test for granting immunity—whether the city complied with its snow-removal policy. The parties agree the policy requires plowing within twenty-four inches of the curb. They disagree on whether the city complied with the policy.  In support of her argument that the city did not comply, Dettmer points to an opinion from her expert who opines that, based on the photographic evidence, the snow and ice extended more than twenty-four inches from the curb in violation of the city's policy.

We begin by noting that Dettmer's expert measured from the seam between the sidewalk and the ramped curb.  But the city's policy requires plowing within twenty-four inches of the curb, not the sidewalk.  So the expert's calculation is faulty from the start.  Adjusting from the erroneous starting point, there is no evidence that the city did not plow within twenty-four inches of the curb.  But even using the faulty measurements as the guide, there is no question Dettmer tripped on snow and ice accumulations in the street that were within twenty-four inches of the curb.  So even if there was some snow and ice left outside the twenty-four-inch distance from the curb provided for in the city's policy, it has no causal connection to Dettmer's trip and fall.  Finally, we agree with the city that its street-plowing policy does not require all snow and ice to be removed such that the street is dry pavement.  The record evidence, including the photographs of the scene, convinces us the city established it complied with its street snow-plowing policy. As such, we find no error in the district court's determination that the city established the third part of the three-part test.

**III.    Conclusion**

The record establishes that Dettmer tripped in the street and the city complied with its snow-removal policy.  As such, the city is entitled to immunity under section 668.10(1)(b).  We affirm the district court's grant of summary judgment to the city.

**AFFIRMED.**