IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 29, 2004 Session

## DONALD M. TAYLOR v. CITY OF CHATTANOOGA, POLICE DEPARTMENT

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 03-C-713     Hon. W. Neil Thomas, III., Circuit Judge**

**No. E2004-00701-COA-R3-CV  - FILED JANUARY 13, 2005**

Plaintiff brought a replevin action against defendant to recover his motor vehicle which had been seized by the defendant. The action was initiated in Sessions Court, but transferred by agreement of the parties to Circuit Court.  The Trial Court entered Judgment on behalf of the plaintiff for $8,500.00, having found that the defendant had sold plaintiff's vehicle.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Kenneth O. Fritz, City Attorney's Office, Chattanooga, Tennessee, for Appellant.

John M. Higginson, Jr., Chattanooga, Tennessee, for Appellee.

## OPINION

At trial, the parties entered into a stipulation of fact as recited by the Trial Court in its Memorandum and Judgment:

Prior to the commencement of the trial, the parties entered into the following stipulation: The Plaintiff, Donald M. Taylor, was involved in a motor vehicle accident on October 7, 1997.  The Plaintiff had been convicted of driving under the influence for which he paid a fine and served a sentence and for which his license

was revoked. At the time of the accident, the City of Chattanooga issued an order of seizure and forfeiture. An administrative hearing was held in 1998, appealing the order of forfeiture, and the appeal was denied. A suit was then commenced in the Chancery Court of Davidson County, which denied the Plaintiff's right to obtain his vehicle, and on January 22, 2002 the Court of Appeals reversed the decision of the Chancery Court and set aside the forfeiture. When the case was remanded to Davidson County Chancery Court, the Court held it had no jurisdiction. A claim was then filed with the State, and the State denied having the vehicle. A claim was then filed against the City of Chattanooga for replevin, and the City answered by stating it had sold the truck in September of 1998. The City defends based upon either a three-year or one-year statute of limitations and because T.C.A. § 40-33-215 bars any action for an unlawful seizure unless bad faith can be shown.

Upon recitation of the stipulated facts, the Trial Court set forth its decision as follows:

> In the decision of the Court of Appeals in <u>Taylor v. Green</u>, 2002 W.L. 75929 (Tenn. Ct. App. 2002), the Court held that the forfeiture in this case was excessive and in violation of the Eighth Amendment to the United States Constitution and Article I, Section16 of the Tennessee Constitution. Necessarily, by implication, Mr. Taylor's civil rights were violated. Although the City argues that a civil rights action is barred by the one-year statute of limitations as found in T.C.A. § 28-3-104(a)(3), his cause of action for such a violation did not accrue until the decision of the Court of Appeals on January 22, 2002. This action was filed in the General Sessions Court of Hamilton County on December 20, 2002 and was, therefore, timely. . . .

The defendant raises these issues on appeal:

1.      Whether the Trial Court erred in finding the plaintiff/appellee's claim was not barred by the applicable statute of limitations?

2.      Whether the trial court had subject matter jurisdiction to award the plaintiff/appellee a Judgment against the defendant/appellant?

Statutory construction and application to undisputed facts are questions of law that are subject to *de novo* appellate review upon the record with no presumption of correctness of the trial court's conclusions of law. *Beare Co. v. Tennessee Dept. of Revenue*, 858 S.W.2d 906, 907 (Tenn.1993); *Cape Fear Paging Co. v. Huddleston,* 937 S.W.2d 787, 788 (Tenn. 1996).

In this case, the record demonstrates that the defendant sold the vehicle before plaintiff had exhausted his appeals of the seizure. It is well settled that a cause of action does not "accrue" until a judicial remedy is available. *Wyatt v. A-Best, Co., Inc.,* 910 S.W.2d 851, 855 (Tenn. 1995); *Sutton v. Barnes,* 78 S.W.3d 908, 913 (Tenn. Ct. App. 2002). A judicial remedy is considered "available" when (1) a defendant breaches a legally recognized duty owed to a plaintiff

and (2) the breach causes the plaintiff legally cognizable damage. *Id; see also*, *Potts v. Celotex Corp.*, 796 S.W.2d 678, 681 (Tenn. 1990). The Court of Appeals in this case ruled that the seizure was an excessive fine under the particular facts of this case. *See also Hawks v. Greene*, No. M1999-02785-COA-R3-CV, 2001 WL 1613889 (Tenn. Ct. App.). The plaintiff followed the procedural route available to him after the defendant seized his vehicle. The plaintiff timely filed his action, and we affirm the Judgment of the Trial Court on this issue.

Finally, defendant argues the Circuit Court was without subject matter jurisdiction, but we note that defendant filed a Motion to Dismiss in the Sessions Court initially, which states in pertinent part: "Circuit Court has exclusive jurisdiction to hear this matter pursuant to Tenn. Code Ann. § 29-20-305(a)." Unquestionably, the Circuit Court had jurisdiction to adjudicate an action for return of personal property. *See* Tenn. Code Ann. § 29-30-101 and 102. Appellant cites authorities defining subject matter jurisdiction, but misconstrues the concept. Defendant's argument ignores the fact that the Court of Appeals had adjudicated the constitutional violation prior to the filing of this action and that Court's remand was not to determine whether the violation had occurred, but to recover the property lost as a result of the seizure. This issue is without merit.

Plaintiff has requested damages for frivolous appeal, and there is compelling and well-settled case law adverse to appellant's positions. The jurisdictional argument is based on the erroneous statement of Tennessee jurisprudence and had no possibility of success on appeal. We conclude the case is appropriate to award damage for frivolous appeal, and remand to the Trial Court to assess damages pursuant to Tenn. Code Ann. § 27-1-122 for the plaintiff.

The cost of the appeal is assessed to defendant/appellant.

_____
HERSCHEL PICKENS FRANKS, P.J.