IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 11, 2011 Session


# WALTON CUNNINGHAM & PHYLLIS CUNNINGHAM EX REL. PHILLIP WALTON CUNNINGHAM v. WILLIAMSON COUNTY HOSPITAL DISTRICT ET AL.


**Appeal from the Circuit Court for Williamson County**
**No. 2010119     James G. Martin, III, Judge**

---

**No. M2011-00554-COA-R9-CV - Filed November 30, 2011**

---

Defendants, Williamson Medical Center and five of its employees, appeal from the denial of their motion to dismiss this medical malpractice action. They contend the action is time barred because it was filed more than one year after the cause of action accrued, in violation of the one year statute of limitations applicable to Tennessee Governmental Tort Liability Act actions, codified at Tennessee Code Annotated § 29-20-305(b). The trial court, however, found that the action was timely filed because it was commenced within the 120-day extension afforded to the plaintiffs pursuant to an amendment to the Tennessee Medical Malpractice Act, codified at Tennessee Code Annotated § 29-26-121(c) (2009). We have determined that the amendment codified at Tennessee Code Annotated § 29-26-121(a)-(c) applies, notwithstanding the one-year statute of limitations provision under the Governmental Tort Liability Act, that the plaintiffs' compliance with the pre-suit notification provision in Tennessee Code Annotate § 29-26-121(a) extended the statute of limitations by 120 days, and that this action was timely filed within the 120-day extension. Therefore, were affirm.


**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Bryan Essary and James Sperring, Nashville, Tennessee, for appellants, Williamson County Hospital District, d/b/a Williamson Medical Center, Karen Christopher, R.N., C. Atkins, R.N., Camela McCullough, NT, Cary Ralph, LPH, Jane Doe, CNT, and Jane Doe, R.N.

Philip N. Elbert and Elizabeth S. Tipping, Nashville, Tennessee, for the appellees, Walton Cunningham and Phyllis Cunningham, individually and as surviving parents of Phillip Walton Cunningham, deceased.

**OPINION**

This is a medical malpractice action filed by Plaintiffs, Walton and Phyllis Cunningham, against Williamson County Hospital District, d/b/a Williamson Medical Center, and five of its employees (collectively "Defendants"). Plaintiffs allege that Defendants proximately caused the death of their 25-year-old son, Phillip Cunningham, because, in spite of him being at high risk of aspiration and choking due to the fact he had cerebral palsy, two nurses administered a full dose for Fleet Phospho-soda through a nasogastric tube more rapidly than the doctor ordered and failed to remain in his room to monitor his condition. The complaint further alleges that not long thereafter, and despite the fact that Phillip would inevitably suffocate if he was laid flat after administration of the Fleet Phospho-soda, a different nurse and a nurse technician came in his room to change the bed linens and, in doing so, they laid Phillip flat on his back at which time he began to choke and suffocate. They further allege that his mother, who was in the room, cried out for them to take immediate curative action, however, instead of calling a Code Team for an immediate response, they delayed the necessary response by looking for one of the nurses who had administered the Fleet Phospho-soda so she could examine Phillip and determine the appropriate response. Plaintiffs further allege that, as a result of the negligent acts and omissions of Defendants, their son suffered a severe anoxic brain injury, aspiration pneumonia, sepsis, and cerebral edema, from which injuries he died eight days later, on November 25, 2008.

This action was commenced with the filing of the initial complaint on March 12, 2010, which was more than one year but less than sixteen months after Phillip's death.[1] After the filing of responsive pleadings, motions, and amended pleadings, which are not germane to the issue on appeal, Defendants filed a motion to dismiss Plaintiffs' claims as time barred pursuant to the one-year statute of limitations in the Governmental Tort Liability Act, Tennessee Code Annotated § 29-20-305(b). Plaintiffs responded to the motion contending that the one-year limitation was extended by 120 days, pursuant to Tennessee Code Annotated § 29-26-121(c) (2009), because they provided the requisite pre-suit written notice to Defendants pursuant to Tennessee Code Annotated § 29-26-121(a) prior to the running of the one-year limitation period, and the complaint was filed within the 120-day extension. Defendants countered, insisting that the 120-day extension provided in Tennessee Code

---

[1]Notice of the claim was provided to the Defendants Williamson Medical Center, Karen Christopher, R.N., and Cary Ralph, LPN, on November 14, 2009. Notice of the claim was provided to Defendants C. Atkins, R.N., Camela McCullough, NT, Jane Doe, CNT, and Jane Doe, R.N., on November 16, 2009, after delivery was refused on November 13, 2009. Plaintiffs also complied with the good faith certificate requirement codified at Tennessee Code Annotated § 29-26-122.

Annotated § 29-26-121(c) (2009) was not applicable because the General Assembly had not explicitly stated that it applied to claims governed by the Governmental Tort Liability Act.

The trial court denied Defendants' motion to dismiss stating that "in the absence of any authority expressly addressing the interplay between the statute of limitations within the Governmental Tort Liability Act and the effect, if any, of the recent amendments to the Tennessee Medical Malpractice Act that could extend the statute of limitations within the [GTLA] . . . the Motion to Dismiss . . . should be denied."[2] Defendants filed a timely motion for an interlocutory appeal, pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, which the trial court and this court granted.

## ANALYSIS

The issue in this appeal, which is a matter of first impression, is whether the provision of the Tennessee Medical Malpractice Act codified at Tennessee Code Annotated § 29-26-121(c) (2009) applies to claims filed against governmental entities and their employees under the Tennessee Governmental Tort Liability Act, or whether the statute of limitations provision stated therein, at Tennessee Code Annotated § 29-20-305(b), applies.

The issue presented is a matter of statutory interpretation, which is reviewable as a matter of law pursuant to the de novo standard without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009) (citing *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)).

Well-defined precepts exist when dealing with statutory interpretation. *Id*. The primary objective is to carry out the legislative intent without broadening or restricting a statute beyond its intended scope. *Id*. (citing *Houghton v. Aramark Educ. Res.,* Inc., 90 S.W.3d 676, 678 (Tenn. 2002)). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *Id*. at 614 (citing *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn. 2005)). When a statute is clear, we apply the plain meaning without complicating the task. *Id*. (citing *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004)). Our obligation is simply to enforce the written language *Id*. (citing *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006)). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the

---

[2]Defendants included other grounds for dismissal in their motion; however, the trial court only addressed Defendants' statute of limitations argument, and the other grounds are not at issue in this interlocutory appeal.

legislation, or other sources. *Id*. (citing *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998)). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson*, 424 S.W.2d 193, 196 (Tenn. 1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga*, 114 S.W.2d 441, 444 (Tenn. 1937). We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed. *Id*. (citing *Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995)).

THE INTERPLAY OF TWO ACTS

The issue presented here arises from the fact that this cause of action is subject to two statutory schemes. It is subject to the Tennessee Medical Malpractice Act, as amended in 2008 and 2009, because the cause of action arose in November of 2008 and notice of the claim was given to the Defendants in November 2009, and at issue is whether health care providers employed by a Tennessee hospital deviated from the applicable standard of care and as a proximate result of their negligent acts or omissions the patient, Phillip Cunningham, suffered injury. This cause of action is also subject to the relevant provisions of the Tennessee Governmental Tort Liability Act because Williamson Medical Center is owned and operated by Williamson County through the Williamson County Hospital District.

In May 2008, the Tennessee Medical Malpractice Act was amended to add certain requirements to parties filing medical malpractice actions after October 1, 2008. *See* 2008 Tenn. Pub. Acts 434-38. The first requirement was that written notice of the claim be provided to each prospective defendant in the action prior to the filing of the action. Tenn. Code Ann. § 29-26-121(a) (2008) (stating that a claimant shall give "written notice of the potential claim to each health care provider against whom such potential claim is made *at least sixty (60) days* before the filing of a complaint based upon medical malpractice in any court of this state"). Subsection (c) of § 29-26-121 (2008) provided that if the pre-suit notice was provided then "the applicable statutes of limitations and repose [3] shall be extended up to a period of 90 days." Tenn. Code Ann. § 29-26-121(c) (2008). The Medical Malpractice Act was also amended to require that a certificate of good faith be filed within 90 days of the filing of any medical malpractice action in which expert testimony was required by Tennessee Code Annotated § 29-26-115. Tenn. Code Ann. § 29-26-122(a) (2008). These

---

[3]Tenn. Code Ann. § 29-26-116(a)(1) states that the statute of limitations for medical malpractice actions shall be one year as set forth in Tenn. Code Ann. § 28-3-104.

amendments took effect October 1, 2008, and  applied to "all actions filed on or after that date, the public welfare requiring it." 2008 Tenn.  Pub. Acts 438, § 3.[4]

In 2009, the General Assembly again amended the Medical Malpractice Act.[5] *See* 2009 Tenn. Pub. Acts 472-75. The pre-suit notice requirement was maintained,[6] however, subsection (c) was amended to the following:  "When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider." Tenn. Code Ann. § 29-26-121(c). The changes to Tennessee Code Annotated § 29-26-121 took effect and applied to notice given on or after July 1, 2009. 2009 Tenn. Pub. Acts 474, § 4.[7] The effect of the 2009 amendments was that the applicable statutes of limitations and repose for medical malpractice claims may extend to sixteen months from the accrual of the cause of action. *See* Tenn. Code Ann. § 29-26-121(a)-(c) (2009).

Prior to the enactment of the Governmental Tort Liability Act, governmental entities were generally immune from liability based upon the concept of sovereign immunity. *Sutton v. Barnes*, 78 S.W.3d 908, 913 (Tenn. Ct. App. 2002) (citing *Williams v. Memphis Light, Gas and Water Div.*, 773 S.W.2d 522, 523 (Tenn. Ct. Ap. 1988)). The Governmental Tort Liability Act, codified at Tenn. Code Ann. § 29-20-101, *et seq.*, waives absolute sovereign immunity for governmental entities under certain limited conditions. *Id*. "The GTLA's waiver of immunity is 'narrowly confined in its scope.'" *Id*. (quoting *Doyle v. Frost*, 49 S.W.3d 853, 858 (Tenn. 2001); citing Tenn. Code Ann. § 29-20-201(c) (2000) (stating "any claim for damages must be brought in strict compliance with the terms of this chapter)). The Act also contains a statute of limitations, stating that an action against a governmental entity "must be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305(b).

---

[4]However, "[f]or purposes of the administrative office of the courts developing a form Certificate of Good Faith," the Act took effect "upon becoming law." 2008 Tenn. Pub. Acts 438, § 3.

[5]Additional and substantial changes were also made to the Medical Malpractice Act in 2011 with the enactment of the Tennessee Civil Justice Act of 2011. *See* 2011 Tenn. Pub. Acts 1221-1225. Those changes, however, went into effect after the commencement of this action.

[6]Subsection (a) now stated: "Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider who will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state." Tenn. Code Ann. § 29-26-121(a) (2009).

[7]Notice in this action was given in November 2009, and, therefore the 2009 amendments to the Medical Malpractice Act are the applicable version of the statute.

Defendants contend the 120-day extension of the statute of limitations for medical malpractice actions does not apply to claims filed under the Governmental Tort Liability Act. Instead, they insist the limitation is one year as stated in Tennessee Code Annotated § 29-20-305(b). Defendants' contention is based on the fact that the General Assembly did not expressly state that Tennessee Code Annotated § 29-26-121 (2009) applies to claims filed under the Governmental Tort Liability Act. We have determined that it was the express intent of the General Assembly that the 2008 and 2009 amendments shall apply to all medical malpractice actions including claims filed under the Governmental Tort Liability Act. This is evident from the stated purpose in both the 2008 Public Act, which stated that the amendments "shall apply to all actions filed on or after [July 1, 2008], the public welfare requiring it," and the 2009 Public Act, which stated that Tennessee Code Annotated § 29-26-121 "shall take effect and apply to notice given on or after July 1, 2009, in all medical malpractice actions. . . ." *See* 2008 Pub. Acts 919, § 3; 2009 Pub. Acts 474, § 4. This, however, is not the only reason we draw this conclusion, as we explain below.

In two recent decisions, *Brandon v. Williamson Medical Ctr.*, 343 S.W.3d 784 (Tenn. Ct. App. 2010), and *Martins v. Williamson Medical Ctr.*, No. M2010-00258-COA-R3-CV, 2010 WL 4746238 (Tenn. Ct. App. Nov. 22, 2010), this court determined that the 2008 amendments apply in malpractice actions filed against governmental entities. Ironically, Williamson Medical Center was a defendant in both cases.

The opinion that is directly pertinent to the issue here, *Martins v. Williamson Medical Ctr.*, addressed the pre-filing notice requirement in Tenn. Code Ann. § 29-26-121(a). *Martins,* 2010 WL 4746238, at *1. The complaint in *Martins* was filed on July 14, 2009, accordingly, the 2008 amendments to the medical malpractice act were in effect prior to the commencement of that action.[8] The Martins filed suit against Williamson Medical Center without having provided the pre-suit notification mandated by Tennessee Code Annotated § 29-26-121(a) or a certificate of good faith as required by Tennessee Code Annotated § 29-26-122. *Id*. at *1. Williamson Medical Center filed a motion to dismiss the Martins' medical malpractice claim on the grounds that the Martins' failed to comply with the 2008 amendments to the Malpractice Act, specifically that they failed to provide evidence of compliance with the pre-suit notice requirements as required by Tennessee Code Annotated § 29-26-121(a), and that they failed to file a certificate of good faith pursuant to Tennessee Code Annotated § 29-26-122(a). *Id*. The trial court found that the complaint stated a claim for medical malpractice, that the Medical Malpractice Act as amended in 2008 applied to the action filed against Williamson Medical Center, and that due to the Martins' failure to comply with the 2008 requirements, the complaint should be dismissed. *Id*. The Martins

---

[8]The incident giving rise to the action occurred on July 18, 2008. *Martins*, 2010 WL 4746238, at *1.

appealed contending that the complaint set forth a claim for ordinary negligence and, therefore, was not subject to the requirements of the Medical Malpractice Act. *Id*. This court determined that the complaint alleged a claim for medical malpractice; therefore, the Martins were required to provide pre-suit notice and a certificate of good faith as mandated by Tennessee Code Annotated §§ 29-26-121(a)-(b), 122(a). *Id*. at *3-4. Because the Martins failed to comply with the 2008 amendments to the Medical Malpractice Act, dismissal of the action was proper, notwithstanding the fact the action was also governed by the Governmental Tort Liability Act. *Id*.

In *Brandon v. Williamson Medical Ctr.*, this court affirmed the dismissal of the plaintiff's complaint for failure to file a certificate of good faith as required by Tennessee Code Annotated § 29-26-122. *Brandon*, 343 S.W.3d at 790-91. Although the plaintiff timely provided the pre-suit notice of the potential claim for medical malpractice and she waited 60 days before filing her complaint, the plaintiff, acting pro se, did not provide a certificate of good faith. *Id*. at 786. Williamson Medical Center subsequently filed a motion to dismiss on the ground that the plaintiff failed to file a certificate of good faith as and when required by Tennessee Code Annotated § 29-26-122.[9] *Id*. at 787. The trial court granted the motion to dismiss.[10] *Id*. On appeal, this court affirmed finding that the plaintiff failed to comply with Tennessee Code Annotated § 29-26-122 (2008). *Id*. at 790-91.

While the above cases do not directly address the 120-day extension in Tennessee Code Annotated § 29-26-121(c), the 2008 amendments to the Medical Malpractice Act, which created the pre-suit notice requirement and the good faith certificate requirement, were applied to claims against governmental entities. Despite this, Defendants insist the 120-day extension does not apply in this case because Williamson Medical Center is a governmental entity. In support of this position, Defendants point to this court's 2002 opinion in *Sutton v. Barnes*, 78 S.W.3d 908 (Tenn. Ct. App. 2002). The issue in *Sutton* was whether the discovery rule, which provides "that the applicable statute of limitations begins to run when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that an injury was sustained as a result of wrongful conduct by the defendant," applied to actions arising under the Governmental Tort Liability Act. *Id*. at 912. In determining whether the discovery rule applied to claims arising under the Governmental Tort Liability Act, this court

---

[9]When *Brandon* was filed, Tenn. Code Ann. § 29-26-122(a) (2008) required the filing of a certificate of good faith within 90 days of the filing of the complaint. Tennessee Code Annotated § 29-26-122(a) was amended effective July 1, 2009, and now requires the filing of a certificate of good faith contemporaneous with the complaint. 2009 Tenn. Pub. Acts 475, § 2.

[10]The plaintiff, who had at this time retained counsel, attempted to file a certificate of good faith with a motion to enlarge the time for filing under Tennessee Rule of Civil Procedure 6.02. *Brandon*, 343 S.W.3d at 787.

identified earlier cases where "courts have refused to apply statutes and rules to cases arising under the GTLA if application of the particular statute or rule would effectively expand the statute of limitations period set forth in [Tennessee Code Annotated] § 29-20-305(b)." *Id*. at 913-14 (citing *Williams*, 773 S.W.2d at 523 (holding savings statute did not apply to GTLA actions); *Daniel v. Hardin County General Hosp.*, 971 S.W.2d 21 (Tenn. Ct. App. 1997) (holding comparative fault joinder statute does not apply to GTLA actions)). This court also noted the decision of the Supreme Court in *Doyle v. Frost*, 49 S.W.3d 853 (Tenn. 2001), in which the court held that the relation back doctrine set forth in Tennessee Rule of Civil Procedure 15.03 applied to actions governed by the Governmental Tort Liability Act. *Id*. at 915. The court reasoned that the discovery rule applied because "[u]nlike the statutes at issue in *Williams*, *Nance*[11] and *Daniel*, application of the discovery rule would not expand the 12-month period in which a plaintiff has to file suit under the GTLA." *Id*. at 916-17.

We find *Sutton* and the cases cited therein distinguishable and, therefore, not controlling. First, each of the cases was decided prior to the 2008 and 2009 amendments to the Medical Malpractice Act. Second, we have determined that the General Assembly expressly mandated that the 2008 and 2009 amendments to the Medical Malpractice Act were to have universal application to *all* medical malpractice actions, including those against governmental entities. This is evident from the express declaration by the General Assembly that the stated purpose of the 2008 amendments was that they *"shall apply to all actions filed on or after [October 1, 2008], the public welfare requiring it."* *See* 2008 Tenn. Pub. Acts 438, § 3 (emphasis added). The General Assembly was equally clear when it adopted the minor changes in the 2009 amendments stating "this act shall take effect and apply to notice given on or after July 1, 2009, in all medical malpractice actions, . . . ." 2009 Tenn. Pub. Acts 475, § 4. We find these clear and concise expressed declarations by the General Assembly unequivocal. Further, the statute at issue itself, states "When notice is given to a provider as provided in this section, *the applicable statutes of limitation shall be extended for a period of one hundred twenty days*." Tenn. Code Ann. § 29-26-121(c) (2009).

As for Defendants' other contentions on appeal, we find them unpersuasive, and, for one of the Defendants, contrary to its earlier positions. Williamson Medical Center affirmatively asserted in *Martins* and *Brandon* that amendments to the Medical Malpractice Act apply to claims against governmental entities; however, here Defendants would have us carve out *one* subsection from a comprehensive statutory scheme. We decline to do so

---

[11]*Nance v. City of Knoxville*, 883 S.W.2d 629, 631 (Tenn. Ct. App. 1994), held that Tennessee Code Annotated § 28-1-115, which permits a plaintiff to bring an action in state court following the dismissal of an action in federal court for lack of jurisdiction, does not apply to GTLA claims.

believing that to carve out this important subsection of the statutory scheme would be contrary to the General Assembly's expressed intent.[12]

When construing legislative enactments, we are to presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re Estate of Tanner*, 295 S.W.3d at 614 (citing *In re C.K.G.,* 173 S.W.3d at 722). When a statute is clear, we apply the plain meaning without complicating the task. *Id*. (citing *Eastman Chem. Co.*, 151 S.W.3d at 507). For the reasons stated above, and particularly because the General Assembly expressly declared that Tennessee Code Annotated § 29-26-121 (2009) applied to notice given on or after July 2, 2009, in *all medical malpractice actions*, we have concluded that the stated purpose is expressed and clear, and that it means what it says. Accordingly, we affirm the decision of the trial court to deny Defendants' motion to dismiss.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Williamson Medical Center.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[12]We also note that the 2011 amendments to the Medical Malpractice Act, which were part of the Tennessee Civil Justice Act of 2011, are wholly consistent with our understanding of the General Assembly's intent to make the 2008 amendments to the Act applicable to GTLA claims. Tennessee Code Annotated § 29-26-101(a)(1) (2011) states that the Medical Malpractice Act applies to "any civil action, *including claims against the state or political subdivision thereof*, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based." The 2011 amendment to subsection (c) of Tennessee Code Annotated § 29-26-102(c) further states that: "Any such civil action or claim is subject to the provisions of this part regardless of any other claims, causes of action, or theories of liability alleged in the complaint; provided, that no provision of this part shall apply to claims against the state to the extent that such provision is inconsistent with or conflicts with the provisions of the Tennessee Claims Commission Act, compiled in title 9, chapter 8, part 3."